HELEN ELIZABETH PULLEY v. CHARLIE HERBERT PULLEY.

(Filed 28 March, 1962.)

1. **Appeal and Error § 60—**

A decision on appeal that defendant's confessed judgment for alimony would support proceedings for contempt upon defendant's wilful refusal to pay alimony in accordance with the judgment, and that the judgment is binding on defendant in the absence of fraud, mistake, or oppression, becomes the law of the case, and the lower court properly thereafter issues an order to show cause in accordance with the direction of the decision.

2. **Divorce and Alimony § 21—**

The court's findings to the effect that defendant had wilfully refused to pay alimony as directed in a confessed judgment *is held* supported by the evidence, and the findings support the order of the court that defendant be confined in the county jail for a period of 30 days, with provision that defendant could purge himself of contempt by payment of the alimony then due into the office of the clerk of the Superior Court.

SHARP, J., took no part in the consideration or decision of this case.

Pulley v. Pulley.

Appeal by defendant from *Bone, J.*, January Term 1962 of Onslow.

This is an appeal from an order entered pursuant to a hearing upon an order directing the defendant to show cause why he should not be held and punished as for contempt for failure to comply with a confessed judgment entered on 11 July 1958, directing that he pay a stated sum, to wit, $62.50 on the 3rd and 18th days of each and every month from the 3rd day of July 1958, to the plaintiff for her support and maintenance.

This case is before us a second time. On the first appeal, *Pulley v. Pulley*, 255 N.C. 423, 121 S.E. 2d 876, an order of the lower court dismissing the plaintiff's motion to show cause why the defendant should not be held in contempt for failure to comply with the terms of said confessed judgment, was reversed, and the lower court was directed to issue a show cause order as prayed for in the plaintiff's motion and to have a hearing thereon.

A show cause order was issued and duly served on the defendant. The hearing was held on 17 January 1962 before his Honor, Bone, J., regularly assigned to hold the courts of the Fourth Judicial District and presiding at the January Term 1962 of the Superior Court of Onslow County.

The court found that the defendant had not paid any sum whatsoever to the plaintiff, as required in the confessed judgment entered on 11 July 1958, since paying her the sum of $62.50 on 3 December 1960; that the defendant has wilfully failed and refused to comply with said judgment, and is now in arrears in his payments due the plaintiff under said judgment in the sum of $1,625.00 up to and including 17 January 1962; and that the defendant's failure to comply with said judgment is not due to any financial inability on his part, but was caused and is solely due to his intentional, persistent and wilful purpose to avoid compliance with the terms of said judgment. The court entered the following order:

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the defendant, Charlie Herbert Pulley, on account of his wilful failure and refusal to comply with the judgment in this cause, be and he is hereby adjudged in contempt of this Court and that the said Charlie Herbert Pulley be punished for his contempt and, as punishment therefor, IT IS ORDERED that the said Charlie Herbert Pulley be confined in the common jail of Onslow County for the period of 30 days."

It was further ordered that the defendant could purge himself of this contempt by payment of the sum of $1,625.00 into the office of the Clerk of the Superior Court of Onslow County, which sum would be in full payment of alimony due the plaintiff up to and including

the 17th day of January 1962, pursuant to the provisions of said confessed judgment.

The facts in this case were set out in detail in the opinion on the former appeal, including the relevant parts of the separation agreement executed by the parties on 11 July 1958 and a verbatim copy of the confessed judgment. Hence, we deem it unnecessary to repeat them herein.

The defendant appeals from the order entered in the court below, assigning error.

*A. Turner Shaw, Jr.; Ellis, Godwin & Hooper for plaintiff.*
*Jones, Reed & Griffin for defendant.*

DENNY, C.J. The appellant on this appeal seeks to have us review and reconsider substantially the identical questions presented and decided on the former appeal with respect to the validity of the confessed judgment and the right to have its terms enforced by contempt proceedings. He contends that the court below committed error in not holding that such judgment was merely a consent judgment and not enforceable by contempt proceedings. These questions were considered and determined in the former appeal and decided adversely to the defendant. The opinion became the law of the case and the lower court was bound thereby. *Glenn v. City of Raleigh,* 248 N.C. 378, 103 S.E. 2d 482; *Hayes v. City of Wilmington,* 243 N.C. 525, 91 S.E. 2d 673; *Bruce v. O'Neal Flying Service,* 234 N.C. 79, 66 S.E. 2d 312; *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864.

In the former opinion, *Parker, J.,* speaking for the Court, said: "It is to be understood that we are not passing upon the question of the validity of the confessed judgment, and the entry of judgment thereon, if they were assailed by a creditor, or challenged by defendant on the ground of fraud, mistake, or oppression. We place our decision squarely upon the ground that defendant, under all the facts here, is estopped to question the validity of his own confessed judgment for alimony, and of the entry of judgment therefor by the superior court of Onslow County as authorized by him, and to question that the entry of judgment by the court on the confessed judgment is a court order to pay alimony.

"The court below erred in not holding that defendant is estopped to question the validity of his own confessed judgment for alimony, and of the entry of judgment therefor by the court, and to question that the judgment entered by the court on his confessed judgment is an order of court for defendant to pay alimony, and in concluding that they are a mere contract between plaintiff and defendant constituting

consent judgments unenforceable by contempt proceedings, and in ordering plaintiff's motion to show cause dismissed. The lower court will issue a show cause order as prayed in plaintiff's motion, and then have a hearing on such order according to law."

The court below, in issuing the order to show cause and in having a hearing thereon, merely followed the directive of this Court in its former opinion.

The remaining question is whether there is sufficient evidence to support the ruling on the court's finding that the defendant's failure to comply with the judgment ordering him to pay the stated sums according to the terms of the confessed judgment to the plaintiff for her support and maintenance, was wilful.

The defendant has not contended that he has been or that he is now financially unable to make these payments. The court below, after hearing the evidence of the plaintiff and the defendant and the arguments of counsel, among other things, found that, on 11 July 1958, when the defendant signed the confession of judgment herein and the judgment was entered on the defendant's confession of judgment, he fully understood what he was signing and the effect of same; "that he understood that the payments referred to in the said confession of judgment and judgment were to continue so long as he and the plaintiff lived and would continue whether or not he obtained a divorce from the plaintiff * * *."

The court further found that before the confessed judgment was signed, the Clerk of the Superior Court inquired as to whether or not defendant knew that if he confessed judgment he would be liable for contempt if he failed to pay the amounts set out in the confessed judgment and the judgment entered pursuant thereto; that the defendant said he understood the judgment and further stated that it had been explained to him by the attorney.

In our opinion, the evidence is sufficient to support the findings of the court below and that such findings are sufficient to support the order entered, and we so hold.

The order adjudging the defendant in contempt, and imposing a prison sentence, and providing that the defendant may purge himself of the contempt in the manner prescribed in the order, is

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.