THOMAS E. HODGES v. ANNIE J. HODGES.

(Filed 17 October 1962.)

**1. Appeal and Error §§ 1, 60—**

Where the cause of action stated in the complaint and the decision on appeal are both predicated on the theory of a resulting trust and not on an express trust, plaintiff may not except to the findings on the second trial on the ground that they entitle plaintiff to recover on an express trust, since recovery must be based on the theory of trial and since the decision on the former appeal constitutes the law of the case.

**2. Trial § 57—**

In a trial by the court under agreement of the parties the weight, credibility, and probative force of the testimony is addressed to the court, and the court's findings of fact are conclusive if supported by competent evidence, even though the evidence might sustain a finding to the contrary.

**3. Trusts § 13—**

In a trial by the court under agreement of the parties, findings that the property against which plaintiff was asserting a resulting trust was purchased prior to the receipt by the resulting trustee of the proceeds of sale of other property upon which plaintiff had an equitable claim, support the court's conclusion that plaintiff is not entitled to a resulting trust against the property in question, it being necessary to the doctrine of trust pursuit that plaintiff show that money in equity belonging to him was used in the purchase of the very property against which the resulting trust is asserted.

**4. Appeal and Error § 49—**

Even though a conclusion of law is denominated by the trial court a finding of fact, such conclusion will not be disturbed when it is the

sole legal conclusion that may be drawn from the other findings of fact which are supported by adequate and competent evidence.

**5. Same; Trial § 56—**

In a trial by the court under agreement of the parties, the fact that the court may have admitted certain incompetent testimony is not ground for a new trial when the fact to which the evidence is addressed is found in favor of appellant.

**6. Evidence § 11—**

Testimony by a party as to a conversation between decedent and a third person does not come within the purview of G.S. 8-51, since such testimony does not relate to a personal transaction or communication between the witness and the decedent.

APPEAL by plaintiff from *Cowper, J.,* May 1962 Term of NEW HANOVER.

Civil action to impose a trust for plaintiff's benefit on a house and lot on Twenty-First Street in the city of Wilmington conveyed by W. P. Sammons *et ux.* to B. B. Hodges, father of plaintiff by his first wife, by deed recorded on 27 August 1948. B. B. Hodges, deceased, by his last will and testament, dated 14 February 1959 and duly probated 5 December 1959, devised this house and lot to defendant, his widow and fifth and last wife.

A former appeal in this case was heard at the Spring Term 1962. Our decision in the case is reported in 256 N.C. 536, 124 S.E. 2d 524. In this decision the allegations of the complaint (amended or substituted complaint) are summarized, and need not be reported here, as an examination of the record on the former appeal and of the record on the present appeal shows that plaintiff's pleading in each appeal is identical. However, we summarize one additional allegation to the effect that B. B. Hodges, in violation of his trust agreement, by his last will devised the house and lot on Twenty-First Street to defendant. Also in this decision the allegations of the answer are summarized, and need not be repeated.

When the case came on to be heard before Judge Cowper the parties, pursuant to the provisions of G.S. 1-184 *et seq.,* waived a trial by jury. Judge Cowper after hearing the evidence made eight, what he terms, findings of fact, as follows in summary:

## FINDINGS OF FACT

One. By deed dated 12 December 1946 B. B. Hodges conveyed property identified as 1013 South Sixth Street in the city of Wilmington to his son, the plaintiff, reserving therein a life estate.

Two. On or about 26 March 1947 B. B. Hodges agreed with plaintiff that if plaintiff conveyed to him his remainder interest in the

property at 1013 South Sixth Street, he would sell it and buy other property, and take title under the same trusts, and that it would belong to plaintiff after his death. Whereupon, plaintiff by deed dated 26 March 1947 conveyed his remainder interest in this property to B. B. Hodges.

Three. B. B. Hodges, pursuant to an agreement made by him on 14 February 1949 to sell the 1013 South Sixth Street property to Alvin H. Hankins, and wife and daughter, by deed dated 26 February 1949 conveyed this property to Alvin H. Hankins, wife and daughter for a purchase price of $3,800.00 to be paid as follows: $2,100.00 to be paid upon the delivery of the deed from the proceeds of a first mortgage or deed of trust to Co-operative Savings and Loan Association of Wilmington, and the balance to be paid $300.00 on 4 March 1949, $300.00 on 31 May 1949, $300.00 on 1 November 1949, $100.00 on 4 February 1949 (sic), together with a second mortgage payable in installments of $10.00 per month.

Four. A trust in favor of plaintiff was imposed upon the proceeds derived from the sale of the property at 1013 South Sixth Street.

Five. By deed duly executed and recorded on 27 August 1948 B. B. Hodges received title to property located at 313 North Twenty-First Street in the city of Wilmington from W. P. Sammons *et ux.*, the terms of the sale being a cash purchase price of $5,900.00.

Six. By deed dated and recorded 29 May 1953 B. B. Hodges conveyed to plaintiff property located at 505 South Fifth Street in the city of Wilmington, reserving to himself a life estate therein.

Seven. B. B. Hodges died, and his will was duly probated on 5 December 1959. In his last will he devised the property situate at 313 North Twenty-First Street to defendant, his widow. In his will he stated he had theretofore conveyed to plaintiff property located at 505 South Fifth Street in the city of Wilmington, and was making no further provision for him.

Eight. Plaintiff has failed to show by clear, cogent and convincing evidence that any funds derived from the sale of the 1013 South Sixth Street property were invested in the property located at 313 North Twenty-First Street in the city of Wilmington by B. B. Hodges.

Whereupon Judge Cowper entered a judgment, based upon what he calls his findings of fact, that plaintiff is not entitled to an equitable lien by virtue of a resulting trust in the property located at 313 North Twenty-First Street in the city of Wilmington, and that he is not the owner of, nor entitled to the possession of, this property.

From this judgment, plaintiff appeals to the Supreme Court.

*Rountree and Clark and Isaac C. Wright for plaintiff appellant.*
*Louis A. Burney and Elbert A. Brown for defendant appellee.*

PARKER, J.   In our decision on the first appeal of this case we order-
ed a new trial for error in the charge to the jury. In our former decision
in this case the Court speaking by *Rodman, J.,* said:

"The crucial questions were: First, was a trust imposed on the
proceeds derived from the sale of the Sixth Street lot? If so, were
the funds derived from that sale invested in the lot on Twenty-
First Street, or were they, as defendant contends, used to purchase
a lot on Fifth Street, the remainder interest in which was subse-
quently conveyed to plaintiff?

\*     \*     \*     \*     \*     \*     \*     \*     \*

"If plaintiff establishes by clear, cogent, and convincing evi-
dence the agreement to sell the lot on Sixth Street and reinvest
the proceeds of sale in other land, a trust estate in plaintiff's
favor would, to the extent of his interest in said funds, be created.
The investment of those funds in other lands solely in the name
of B. B. Hodges would, to the extent of plaintiff's interest in the
monies derived from the sale, create a resulting trust in the
properties so purchased. [Citing authority.]

"If the agreement to reinvest the proceeds of the sale of the
Sixth Street property in other lands for the father for life with
the remainder to plaintiff be established, it will of course be neces-
sary, for plaintiff to recover, to show that the proceeds were in
fact invested in the lot on Twenty-First Street and the proportion
of the purchase price of that lot which came from the sale of the
lot on Sixth Street."

This statement in the opinion is the law of the case, *Pulley v.
Pulley,* 256 N.C. 600, 124 S.E. 2d 571, and it is a correct statement
of the applicable law here.

Judge Cowper made these material findings of fact in his findings
of fact No. 2 and No. 3: One. Plaintiff by deed dated 26 March 1947
conveyed to B. B. Hodges, his father, his remainder interest in the
property situate at 1013 South Sixth Street in the city of Wilmington,
pursuant to an agreement between them that B. B. Hodges would sell
this property, and buy other property with the proceeds and take title
to it in B. B. Hodges for life, remainder in fee to plaintiff, his son.
The basis of this finding of fact is the deed from plaintiff dated 26
March 1947 to B. B. Hodges, offered in evidence by plaintiff, and the
testimony of Mrs. Thelma Hodges, plaintiff's wife and a witness for
him. Two. The agreement between plaintiff and his father was con-
summated, so far as the sale of the South Sixth Street property was
concerned, by B. B. Hodges conveying this property to Alvin H.

Hankins, wife and daughter, by deed dated 26 February 1949. The basis of this finding of fact is the deed from B. B. Hodges dated 26 February 1949 to Hankins *et ux.*, offered in evidence by plaintiff. The deed from B. B. Hodges to Hankins *et ux.* was made pursuant to an agreement between Hodges and Hankins dated on or about 14 February 1949. This portion of the finding of fact is supported by the testimony of Alvin H. Hankins, a witness for plaintiff. The third finding of fact sets forth with particularity how the purchase price was to be paid by Hankins. This portion of the finding of fact is supported by the testimony of plaintiff's witness Alvin H. Hankins.

Plaintiff assigns as error the second finding of fact and contends that under the facts set forth in this finding of fact an express trust was created in the Twenty-First Street property. Under the allegations of plaintiff's complaint there was no express trust on the Twenty-First Street property, but a resulting trust imposed upon it by equity. And further, the law of the case as stated in the opinion on the first appeal is that if plaintiff is to prevail in imposing a trust on the Twenty-First Street property, it must be on the theory of a resulting trust.

The second finding of fact is supported by abundant, competent legal evidence, and plaintiff's assignment of error to it is overruled. Plaintiff does not challenge by assignment of error the third finding of fact, which is supported by abundant, competent legal evidence.

Judge Cowper's findings of fact, based upon and supported by plaintiff's evidence, establish clearly and positively and unequivocally that there was no trust money received by B. B. Hodges from the sale of the South Sixth Street property prior to 26 February 1949.

Judge Cowper further found as a fact that by deed duly executed and recorded on 27 August 1948 B. B. Hodges received title to property located at 313 North Twenty-First Street in the city of Wilmington from W. P. Sammons *et ux.*, the terms of the sale being a cash purchase price of $5,900.00. This finding of fact is not challenged by plaintiff in his assignments of error. The basis for a portion of this finding of fact is the deed from W. P. Sammons *et ux.* to B. B. Hodges recorded 27 August 1948, offered by plaintiff. A portion of this finding of fact is supported by the testimony on cross-examination of Mrs. Gretta Hodges, a fourth wife of B. B. Hodges and a witness for plaintiff, as follows: "I do know he [B. B. Hodges] had War Bonds at the time I married him; he had a metal box and it was almost full of War Bonds.* * *He [B. B. Hodges] paid Mr. and Mrs. Sammons all the purchase price when he bought it. He had War Bonds, that is where he got the money. No, he did not need the money from Tommie's house, but he repaid himself for it* * *."

It is true that Mrs. Gretta Hodges testified on direct examination as follows: "He told me at the time he bought the property at 313 North 21st Street that he was going to sell the house on Sixth Street. He had a colored man by the name of Hankins who wanted to buy it. He sold the property at 1013 South Sixth Street and told me at that time he was going to use the money from this sale to buy the property at 313 North 21st Street, but he didn't have enough money to pay for it cash. He told me he had a bank note this colored man was giving him to pay off the payments on that property, and that money was to purchase the home, so Thomas could live there after his death; that was his home on Sixth Street.* * *Mr. B. B. Hodges sold the Sixth Street property in Wilmington to a man named Hankins, a colored man. The funds he derived from that sale went toward the Princess Street property; I know that." Mrs. Thelma Hodges, wife of plaintiff and a witness for him, testified on direct examination: "Mr. B. B. Hodges told Tom that the money to purchase the 21st Street property was the money he got from the Sixth Street property and he was putting it in the 21st Street home."

The determination of what part of the conflicting testimony of Mrs. Gretta Hodges and of Mrs. Thelma Hodges, in respect to the source of the money which B. B. Hodges used in paying the purchase price of the Twenty-First Street property and as to whether or not he paid for it in cash, was accurate and credible, and what part was inaccurate, was a question addressed to Judge Cowper — a trial by jury having been waived by the parties.

The waiver of trial by jury invested Judge Cowper with the dual capacity of judge and juror. *Reid v. Johnston,* 241 N.C. 201, 85 S.E. 2d 114. Consequently it was in Judge Cowper's province to determine the credibility of the witnesses and the weight to be attached to their testimony, and the inferences legitimately to be drawn therefrom, in exactly the same sense that a jury should do in the trial of a case. It was Judge Cowper's right and duty to consider and weigh all the competent evidence before him, giving to it such probative value as in his sound discretion and opinion it is entitled to. *Trust Co. v. Lumber Co.,* 221 N.C. 89, 19 S.E. 2d 138; 89 C.J.S., Trial, sec. 593; 53 Am. Jur., Trial, sec. 1123.

When a trial by jury is waived, and where different reasonable inferences can be drawn from the evidence, the determination of which reasonable inferences shall be drawn is for the trial judge. *Turnage Co. v. Morton,* 240 N.C. 94, 81 S.E. 2d 135.

In *Main Realty Co. v. Blackstone Valley Gas & E. Co.,* 59 R.I. 29, 193 A. 879, 112 A.L.R. 744, the Court said: "In reaching his conclusions, the trial justice had the benefit of seeing and hearing the wit-

nesses. He also was entitled to consider all the evidence and to draw therefrom such inferences as were reasonable and proper under the circumstances, even though another different inference, equally reasonable, might also be drawn therefrom."

Since Judge Cowper found that B. B. Hodges had no trust funds derived from the sale of the South Sixth Street property on 26 February 1949 in August 1948 when he purchased the Twenty-First Street property, that he paid cash for the Twenty-First Street property, which finding is supported by competent legal evidence of plaintiff's witness Mrs. Gretta Hodges on cross-examination, and that B. B. Hodges did not have any trust funds derived from the sale of the South Sixth Street property prior to February 1949, it necessarily follows that no trust money derived by B. B. Hodges from the sale of the South Sixth Street property went into the purchase of the Twenty-First Street property. All these findings are supported by competent legal evidence. Therefore, no resulting trust could be imposed by plaintiff by operation of equity on the Twenty-First Street property.

Plaintiff assigns as error Judge Cowper's so-called eighth finding of fact, that plaintiff has failed to show by clear, cogent and convincing evidence that any funds derived from the sale of the 1013 South Sixth Street property were invested in the property located at 313 North Twenty-First Street in the city of Wilmington by B. B. Hodges. This assignment of error is overruled. This, in our opinion, is not a finding of fact, but is in the nature of a legal conclusion of Judge Cowper based upon his findings of fact. *United States v. Jefferson Electric Mfg. Co.*, 291 U.S. 386, 78 L. Ed. 859; 53 Am. Jur., Trial, sec. 1132; 89 C.J.S., Trial, sec. 609. The facts found by Judge Cowper based upon adequate legal evidence lead inevitably to this conclusion made by Judge Cowper, and we consider the words used in the conclusion "by clear, cogent and convincing evidence" mere surplusage. No other conclusion is logically possible so long as Judge Cowper's findings of fact stand.

Plaintiff assigns as error the admission in evidence, over his objection, of Item Four of the will of B. B. Hodges, which is as follows: "I make no provision for my son, Thomas E. Hodges, Sr. (sic), because I have already conveyed to him a house and lot at No. 505 South Fifth Street, Wilmington, N. C."

Plaintiff contends this was an *ex parte* statement denying the trust by the trustee and incompetent against the *cestui que* trust. It is manifest that Judge Cowper did not consider this Item in the will as a statement denying the trust by B. B. Hodges in making his findings of fact, because his fourth finding of fact is that a trust in favor of plaintiff was imposed upon the proceeds derived from the sale of the

property at 1013 South Sixth Street. Its admission in evidence, if incompetent, was harmless. *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668, *certiorari* denied 358 U.S. 888, 3 L Ed. 2nd 115, petition for rehearing denied 358 U.S. 938, 3 L. Ed. 2nd 310. This assignment of error is overruled. This Item in the will might well be considered as a statement by B. B. Hodges of the reason why he left his son nothing in his will.

Mrs. Thelma Hodges, wife of plaintiff and a witness for him, testified on cross-examination: "After the death of Mr. B. B. Hodges, Mrs. Annie Hodges gave me a deed for the property located at 505 South Fifth Street executed to my husband, and he owns it now, and it came from his father." Mrs. Annie Hodges testified to the same effect. Plaintiff states in his brief that this presents the question: Is a deed valid until delivered? The requisites for the valid delivery of a deed are stated in *Ballard v. Ballard,* 230 N.C. 629, 55 S. E. 2d 316. Plaintiff in his complaint does not allege this deed is void for nondelivery, and does not seek to have it declared void. This question does not arise here. Further, the parties stipulated "that the real property at 505 S. 5th St. at the time of the conveyance to T. E. Hodges by B. B. Hodges had a fair market value of $4,500.00." Surely, plaintiff has no desire to give up this property because of a nondelivery of the deed, when according to the record before us no one is challenging his right to own it on the ground his deed is void for nondelivery.

Plaintiff assigns as error that defendant was permitted, over his objection, to answer the question, "Will you tell us exactly what was said and whether or not the conversation took place that Hankins has related here between him and your husband?" as follows: "It did not. The entire conversation centered around and concerned final payment of this note. There was no mention made of the 21st Street property at that time." Plaintiff contends this testimony was admitted in violation of G.S. 8-51. Plaintiff called Hankins to the stand as a witness in his behalf, and examined him as to a conversation between him and B. B. Hodges. Defendant was present at the conversation, and testified as to her version of it. Judge Ervin in *Peek v. Shook,* 233 N.C. 259, 63 S.E. 2d 542, in an analysis of G.S. 8-51, states: "This statute does not render the testimony of a witness incompetent in any case unless these four questions require an affirmative answer:* * *4. Does the testimony of the witness concern a personal transaction or communication between the witness and the deceased person or lunatic?" The challenged testimony of defendant did not concern a personal transaction or communication between her and B. B. Hodges, therefore it is not excluded by G.S. 8-51. This assignment of error is overruled.

All the plaintiff's assignments of error, whether discussed above or not, have been carefully examined and all are overruled. Judge Cowper's findings of fact are abundantly supported by competent legal evidence and are in substantial compliance with the requirements of G.S. 1-185, and his findings of fact support his conclusion, and these in turn support his judgment. No error of law appears upon the face of the record proper. The judgment below is

Affirmed.