OTIS L. McDANIEL, SR., AND WIFE, ROMANIA McDANIEL v. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY

No. 8318DC1067

(Filed 18 September 1984)

1. **Insurance § 41— medical insurance policy—inception of sickness—expenses covered by policy**

In an action to recover medical expenses under a policy issued by defendant where defendant claimed that a preexisting sickness exclusion barred recovery, defendant was not entitled to judgment on the pleadings or judgment n.o.v. where the evidence tended to show that plaintiff wife experienced

McDaniel v. N. C. Mutual Life Ins. Co.

leg pain in June prior to issuance of the policy in July; she was able to perform her usual occupation as a nursing assistant and her pains did not preclude or significantly interfere with her usual functions and activities until her surgery in October; and for purposes of determining insurance coverage, plaintiff wife did not contract her "sickness" until after the policy became effective.

**2. Attorneys § 7.5— insurer's unwarranted refusal to pay—award of attorney's fee proper**

   In an action to recover medical expenses under a policy issued by defendant where defendant claimed that a preexisting sickness exclusion barred recovery, the trial court did not err in awarding plaintiffs an attorney fee pursuant to G.S. 6-21.1, and the effect of this ruling was not negated by the fact that the court labeled its finding that defendant made an unwarranted refusal to pay a conclusion of law.

APPEAL by defendant from *Lowe, Judge.* Judgment entered 15 July 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 21 August 1984.

Plaintiffs sued to recover medical expenses under the terms of a medical insurance policy issued by defendant. Defendant defended on the ground that a preexisting sickness exclusion barred recovery. The jury returned a verdict for plaintiffs. The court entered judgment thereon and awarded attorney fees to plaintiffs pursuant to G.S. 6-21.1.

Defendant appeals.

*Timothy G. Warner for plaintiff appellees.*

*Albert L. Willis for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court should have granted its motion for judgment on the pleadings because the complaint revealed that plaintiff-wife experienced symptoms of her "sickness" before the policy was issued. Plaintiffs' complaint alleged that plaintiff-wife experienced leg pains in June 1981, and that the problem which ultimately led to her hospitalization for exploratory surgery on 8 October 1981 caused these pains. Defendant issued its medical insurance policy to plaintiffs on 12 July 1981. The policy covered "sickness contracted while this policy is in force."

Our Supreme Court has accepted the following definition for determining when sickness arises for purposes of insurance coverage:

> While the words "sickness" and "disease" are technically synonymous, "when given the popular meaning as required in construing a contract of insurance, 'sickness' is a condition interfering with one's usual activities, whereas disease may exist without such result; in other words, one is not ordinarily considered sick who performs his usual occupation, though some organ of the body may be affected, but is regarded as sick when such diseased condition has advanced far enough to incapacitate him." 29A Am. Jur., *Insurance* § 1154; 10 Couch on Insurance 2d § 41:801.

*Price v. State Capital Life Ins. Co.*, 261 N.C. 152, 155, 134 S.E. 2d 171, 173 (1964). *See also* 10A Couch on Insurance 2d (Rev. ed.) Sec. 41A:73; Annot., 94 A.L.R. 3d 990. Plaintiffs' complaint contains no allegations indicating that plaintiff-wife was not performing her usual occupation and other usual activities, or that she was in any way incapacitated by her pains, prior to her 8 October 1981 hospitalization. Her mere undiagnosed symptom of pain prior to issuance of the policy was not a "sickness" at that time within the definition of that term accepted by our Supreme Court in construing contracts of insurance. The court thus properly denied defendant's motion for judgment on the pleadings.

Defendant also contends the court erred in denying its motion for judgment notwithstanding the verdict. Evidence at trial showed that plaintiff-wife was able to perform her usual occupation as a nursing assistant, and that her pains did not preclude or significantly interfere with her usual functions and activities until her 8 October 1981 surgery. Under the definition of "sickness" accepted in *Price, supra*, plaintiff-wife therefore did not contract her "sickness," for purposes of determining insurance coverage, until after the policy became effective. The court thus properly denied the motion for judgment notwithstanding the verdict.

Defendant contends the court erred in overruling his objections to statements of law contained in the argument to the jury by plaintiffs' attorney. The portions of the argument to which defendant objected are not set forth in the record. Moreover, the court instructed the jury that it would "take the law from the

court and not from the attorneys." In these circumstances defendant has failed to show prejudice from the argument.

[2] Defendant finally contends the court erred in awarding plaintiffs an attorney fee pursuant to G.S. 6-21.1, which provides:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is five thousand dollars ($5,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

Our Supreme Court has stated:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E. 2d 40, 42 (1973) (citations omitted). Allowance of counsel fees under the authority of this statute is, by its express language, in the discretion of the presiding judge, and is reversible only for abuse of discretion. *Callicutt v. Hawkins*, 11 N.C. App. 546, 548, 181 S.E. 2d 725, 727 (1971).

The court found that undisputed facts tended to establish that plaintiff-wife was not incapacitated and that her condition was not diagnosed until after defendant's policy became effective.

It further found that defendant did not request a jury instruction inconsistent with the one given, which it stated was largely based on the definition of "sickness" in *Price, supra.* It then concluded that defendant's refusal to pay plaintiffs' claim was unwarranted, justifying an award of an attorney fee to plaintiffs. In light of the trial court's findings and the Supreme Court's directive to construe the statute liberally, we are unwilling to find an abuse of discretion in the award.

Defendant notes that there was no *finding* that it made an unwarranted refusal to pay. It cites *U.S. Piping, Inc. v. The Travelers Indemnity Co.,* 9 N.C. App. 561, 564, 176 S.E. 2d 835, 837 (1970), for the proposition that lack of the statutorily required finding negates the effect of the discretionary ruling. It is clear, however, that the trial court made such a finding, though it was labeled a conclusion of law. This Court has held that a conclusion of law incorrectly denominated a finding of fact can nonetheless support a judgment. *Cantrell v. Liberty Life Ins. Co.,* 68 N.C. App. 651, 653, 315 S.E. 2d 544, 546 (1984). *See also Hodges v. Hodges,* 257 N.C. 774, 780, 127 S.E. 2d 567, 571-72 (1962). By the same reasoning, a finding of fact incorrectly denominated a conclusion of law should be equally valid. Thus, the court's conclusion that there was an unwarranted refusal by defendant to pay plaintiffs' claim satisfies the requirements of G.S. 6-21.1. To hold otherwise would elevate form over substance.

No error.

Judges ARNOLD and EAGLES concur.