FRED J. KNIGHT v. ASSOCIATED TRANSPORT, INC.

(Filed 11 October, 1961.)

**1. Courts § 20—**

In an action in the courts of this State on a transitory cause of action in tort arising in another state, the law of such other state controls the substantive rights, but matters of procedure, including rules of evidence and the sufficiency of the evidence to make out *prima facie* case, are governed by the laws of this State.

**2. Automobiles § 54f—**

Irrespective of statute, proof that a commercial vehicle involved in a collision bore the name or insignia of defendant makes out a *prima facie* case that at the time the vehicle was being operated by an agent of the owner with authority, consent, and knowledge of the owner, but such *prima facie* case does not amount to a presumption of agency, and an instruction submitting to the jury the presumptive rather than the *prima facie* rule is prejudicial. *Carter v. Motor Lines*, 227 N.C. 193, overruled to the extent of conflict.

APPEAL by defendant from *Phillips, J.*, May Civil Term 1961 of GASTON.

This is a civil action instituted on 4 November 1960 by plaintiff, an employee of Akers Motor Lines, Inc., to recover damages allegedly sustained on 19 May 1959 when a tractor-trailer unit of Akers Motor Lines, Inc., in which plaintiff was a passenger, was struck and sideswiped by a tractor-trailer unit owned by the defendant, Associated Transport, Inc., and which was being driven by one of its employees in the course of his employment.

The plaintiff's evidence tends to show that the collision took place in the State of Virginia, approximately two or three miles south of Clover, Virginia, on U. S. Highway No. 360, about 7:00 p.m. on the

above date. The plaintiff at the time of the collision was riding in the sleeping compartment of the Akers tractor-trailer.

The plaintiff's evidence further tends to show that the Akers tractor-trailer was being driven in a northerly direction on said highway and was entering a left curve when the defendant's tractor-trailer, which was being driven in a southerly direction, was driven across the white line which divided the two-lane highway. "He crossed the white line on the wrong side of the road. He got into the northbound lane * * * and just before he got to the Akers Motor Lines unit he gave his truck a cut to the right and as he did that it made the trailer swing around, and his trailer sideswiped the Akers tractor and trailer." The collision damaged the Akers equipment and injured the plaintiff. The driver of defendant's truck did not stop.

The plaintiff offered evidence to the effect that the tractor-trailer that sideswiped the Akers unit had the emblem or name of Associated Transport appearing on the front of the trailer, on its side, and on the door of the tractor.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. Motion denied. Defendant rested without offering any evidence.

The jury returned a verdict in favor of plaintiff. From the judgment entered on the verdict, the defendant appeals, assigning error.

*Mullen, Holland & Cooke for plaintiff appellee.*
*Whitener & Mitchem for defendant appellant.*

DENNY, J.  The defendant excepted to and assigns as error the excerpt taken from the case of *Kavanaugh v. Wheeling*, 175 Va. 105, 7 S.E. 2d 125, and included in the charge of the court below as follows: "The court charges you that this is the law of the State of Virginia in regard to the ownership of an automobile insofar as this law fits any facts in this case.

"The Court says this: 'In Virginia, we have followed the rule adopted by the great weight of authority that in an action for injuries caused by the negligent operation of an automobile proof that the automobile was owned by the defendant establishes a *prima facie* case that the automobile was being operated by the defendant or someone for him, under circumstances making him liable therefor. However, this is merely an inference or presumption that may be rebutted with the burden of overcoming it resting upon the defendant.

" 'The presumption has been adopted by the courts as a reasonable rule because of the inconvenience, difficulty and, in a great many cases, the impossibility of otherwise proving by affirmative evidence that the

driver of the vehicle was acting under control and direction of the owner.'"

Unquestionably, the court below gave the plaintiff the full benefit of the presumptive rule in effect in this type of case in the State of Virginia.

In the case of *McCombs v. Trucking Co.*, 252 N.C. 699, 114 S.E. 2d 683, this Court, speaking through *Winborne, C.J.*, stated the correct rule in such cases as follows: "It being admitted that the collision involved in this action occurred in Virginia, 'the question of liability for negligence must be determined by the law of that State. The rule in such cases is that matters of substantive law are controlled by the law of the place — the *lex loci*, whereas matters of procedure are controlled by the law of the forum — the *lex fori*. Thus the methods by which the parties are required to prove their allegations, such as the rule of evidence, and the quantum of proofs necessary to make out a *prima facie* case are matters of procedure governed by the law of the place of trial * * * Therefore the question whether the evidence offered was sufficient to carry the case to the jury over defendants' motion for judgment as of nonsuit is to be determined under application of principles of law prevailing in this jurisdiction.' So wrote *Johnson, J.*, for the Court in *Childress v. Motor Lines*, 235 N.C. 522, 70 S.E. 2d 558. See also *Harrison v. ACL R. Co.*, 168 N.C. 382, 84 S.E. 519; *Clodfelter v. Wells*, 212 N.C. 823, 195 S.E. 11."

Likewise, in the case of *Wise v. Hollowell*, 205 N.C. 286, 171 S.E. 82, it is said: "In the trial of an action whatever relates merely to the remedy and constitutes a part of the procedure, is determined by the law of the forum; but whatever goes to the substance of the controversy and affects the rights of the parties is governed by the *lex loci*." 11 Am. Jur., Conflict of Laws, section 203, page 521; 15 C.J.S., Conflict of Laws, section 22, page 948.

It is provided in G.S. 20-71.1 in pertinent part as follows: "(a) In all actions to recover damages for injury to person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be *prima facie* evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose. * * * *Provided, that no person shall be allowed the benefit of this section unless he shall bring his action within one year after his cause of action shall have accrued.*" (Emphasis added.)

In view of the fact that this action was not instituted within one year of the date of the alleged injury, the plaintiff in the trial below

was not entitled to the benefit of the presumption created by the above statute. *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911; *Floyd v. Dickey,* 245 N.C. 589, 96 S.E. 2d 731.

Therefore, a strict adherence to the rule laid down in *Carter v. Thurston Motor Lines,* 227 N.C. 193, 41 S.E. 2d 586, would support the defendant's position with respect to its motion for nonsuit. However, the limitation as to the time within which an action of this character must be instituted was repealed by Chapter 975 of the 1961 Session Laws of North Carolina on 17 June 1961, approximately twenty days after this action was tried below. Consequently, there can be no question any longer in this jurisdiction about the fact that proof of ownership of a motor vehicle involved in an accident or collision is *prima facie* evidence that such motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which the injury or cause of action arose.

Even so, the weight of authority in this country is to the effect that proof of ownership of a commercial motor vehicle involved in an accident or collision is *prima facie* evidence that such motor vehicle was being operated at the time by the owner's agent, with the knowledge and consent of the owner, and that such agent was operating the motor vehicle in behalf of the owner thereof, and this presumption is generally held to exist even though there is no statutory provision to that effect.

It is said in 9B Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), section 6056: "The general rule * * * supported by the great weight of authority is that the fact that the name of the defendant was painted or inscribed in some manner on the motor vehicle which inflicted the injury sued for raises a presumption, or is *prima facie* evidence, that the defendant owned such vehicle, and that the driver was using it in defendant's behalf.

"This presumption is rebuttable, and vanishes in the face of evidence establishing the contrary," citing numerous authorities from many jurisdictions.

In *Fullerton v. Motor Express,* 375 Pa. 173, 100 A 2d 73, the Court said: "The law is clear that an identifying sign on a vehicle declares its reputed ownership as much as a flag proclaims the nationality of the ship which flies it. If the ship is sailing under false colors it will have to answer for the deception. If a name on a vehicle mis-states ownership, opportunity is afforded the named person or firm to disprove the asserted proprietorship.

"In the case of *Sefton v. Valley Dairy Co.,* 345 Pa. 324, 326, 28 A 2d 313, 314, we said: 'It is well settled * * * that the presence of a defendant's name on a commercial vehicle raises a rebuttable presump-

tion that the vehicle is owned by defendant and that the driver of the vehicle is a servant of defendant acting within the scope of his employment * * *. This presumption is sufficient to take the case to the jury * * *.'

"The person who is struck down by a strange vehicle cannot automatically know the business of the owner of the vehicle; and, even with the most diligent inquiry, he may not be able to ascertain the nature of the mission to which the driver was committed at the time. Hence the imperative necessity of the presumption in a situation of this kind that the first person or firm to be called to answer for the mishap should be the person or firm whose name decorates the offending vehicle.

"Any business organization which permits a commercial conveyance to ply the public highways, prominently proclaiming its name, owes a duty to the public to stand by that voluntary self-advertising proclamation. That responsibility, of course, is not absolute. The named firm may introduce evidence to show that the identifying trappings were camouflage, or innocent coincidence, or that, although admitting ownership of the vehicle, the driver thereof ignored instructions and headed for Chicago instead of New York as directed. But such explanations are for the jury to evaluate and appraise in light of all the surrounding circumstances."

The case of *McDougall v. Glenn Cartage Co.*, 169 Ohio St. 522, 160 N.E. 2d 266, is strikingly similar to the case before this Court in almost every respect. The action was for personal injuries sustained when an approaching truck allegedly owned by the defendant sideswiped a truck driven by the plaintiff. The other vehicle continued on its way and vanished in the darkness. The collision occurred in New York and the action was brought in Ohio. The offending truck was identified as belonging to the defendant by a third truck driver, who observed the Glenn insignia and markings on the side of the door of the cab with ICC and PUCO permits and numbers. At the close of plaintiff's evidence, the trial court granted a directed verdict for the defendant, on authority of *Sobolovitz v. Lubric Oil Co.*, 107 Ohio St. 204, 140 N.E. 634, a case similar to *Carter v. Thurston Motor Lines, supra,* and entered judgment for the defendant. The Court of Appeals affirmed. On appeal to the Supreme Court of Ohio, the judgment was reversed.

The Ohio Court held: "Upon the evidence adduced, we believe that plaintiff made a *prima facie* case of liability against defendant, and that it is incumbent upon defendant to meet the case so made, if it can, by showing that the offending motor truck did not belong to it, or that, at the time of the collision, it was not being used in its business.

Surely information of that sort would be peculiarly within the defendant's possession. So far as it conflicts with this opinion, the case of *Sobolovitz v. Lubric Oil Co., supra,* is overruled."

In *Houston News Co. v. Shavers,* Tex. Civ. App., 64 S.W. 2d 384, the Court in considering the question now before us, said: "The presumption grows out of the fact that not infrequently the evidence necessary to establish the character of the mission in which the servant was engaged is exclusively within the possession of the defendant. The effect of the rule is to 'smoke out' the defendant and to compel him to disclose the true facts within his knowledge."

In *Bivins v. R.R.,* 247 N.C. 711, 102 S.E. 2d 128, the cause of action arose out of a spraying operation conducted from tank cars moved over defendant's railroad in McDowell County, to kill vegetation on its right of way. The plaintiff alleged the poisonous chemical was blown onto plaintiff's land and onto the plaintiff's vegetation and trees, to his great damage. The defendant contended that it was entitled to a nonsuit because there was no evidence showing that those who conducted the spraying operation were agents of the defendant railroad. This Court followed the decision of *Brooks v. Missouri Pac. Ry. Co.,* 98 Mo App. 166, 71 S.W. 1083, and quoted therefrom as follows: "It has never been held, to our knowledge, otherwise than that, if an engine and cars are being used on the road of a company, the presumption is that they are being controlled by such company. We believe it universally understood that a railroad company that is in control and operating a particular railroad is controlling and operating it to the exclusion of all other railroads or persons. * * * There was no pretense but what the defendant was in the exclusive possession of the railroad in question, and the presumption would necessarily follow that an engine and cars found passing over its tracks were under its operation and control."

Likewise, we have come to the conclusion that where common carriers of freight are operating tractor-trailer units, on public highways, and such equipment bears the insignia or name of such carrier, and the motor vehicle is involved in a collision or inflicts injury upon another, evidence that the name of the defendant was painted or inscribed on the motor vehicle which inflicted the injury constitutes *prima facie* evidence that the defendant whose name or identifying insignia appears thereon was the owner of such vehicle and that the driver thereof was operating it for and on behalf of the defendant.

This defendant admits, in its brief, that it has "upwards to two thousand" tractors and trailers in operation on the public highways, engaged in its transportation business.

In our opinion, the presumptive rule, which is generally recognized

throughout this country, is a just one, and well-nigh necessary if those who happen to be injured by the negligent operation of such equipment are to have the protection to which they are justly entitled.

Therefore, we hold that the evidence of the plaintiff in the trial below was sufficient to make out a *prima facie* case, and the defendant's motion for judgment as of nonsuit was properly overruled.

However, since the court below used the Virginia presumptive rule in charging the jury, and we are now adopting the *prima facie* rather than the presumptive rule, we think the defendant is entitled to a new trial, and it is so ordered.

Furthermore, insofar as it conflicts with this opinion, the case of *Carter v. Thurston Motor Lines, supra,* is overruled.

New Trial.