FRED J. KNIGHT v. ASSOCIATED TRANSPORT, INCORPORATED.

(Filed 10 October 1962.)

**1. Appeal and Error § 60—**

Decision on a former appeal constitutes the law of the case and is controlling in subsequent proceedings.

**2. Automobiles § 54f—**

Evidence tending to show that the insignia of defendant was painted on the side of the truck involved in the collision establishes a *prima facie* case of the ownership of the vehicle and that it was being driven by an employee of defendant in the course of his employment, and takes the issue of *respondeat superior* to the jury, even though defendant introduces evidence that it was not operating a vehicle at the time and place of the accident, but such *prima facie* case does not alter the burden of proof and permits but does not compel the jury to find the issue in the affirmative.

**3. Evidence § 8—**

Where a *prima facie* case arises upon a particular set of facts the burden is upon plaintiff to establish the predicate facts by the greater weight of the evidence, in which event the jury may but is not compelled to find the issue in the affirmative, and defendant is under no burden to offer evidence but merely risks an adverse verdict if he fails to do so.

*Appeal* by defendant from *McConnell, S.J.,* April 1962 Civil Term of GASTON.

This cause was here at the Fall Term 1961 on appeal from a judgment rendered at May Term 1961. See *Knight v. Associated Transport,* 225 N.C. 462, 122 S.E. 2d 64. Plaintiff's version of the facts is there stated. Repetition is not necessary. A new trial was then awarded for error in the charge. When the case was tried the second time the jury again found, on evidence for plaintiff, substantially as stated in the prior appeal, that the truck colliding with Akers vehicle in which plaintiff was riding was owned by and operated for defendant. It found the collision was caused by the negligent manner in which defendant's truck was operated. It fixed the amount of compensation to which plaintiff was entitled. Defendant appeals from the judgment rendered on the verdict.

*Mullen, Holland & Cooke by Frank P. Cooke and Childer & Fowler by Henry L. Fowler, Jr. for plaintiff appellee.*
*Whitener & Mitchem for defendant appellant.*

RODMAN, J.   The law as declared on the first appeal was the law of the case and controlling in subsequent trials. *Collins v. Simms,* 257 N.C. 1; *Pulley v. Pulley,* 256 N.C. 600, 124 S.E. 2d 571; *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482.

The law applicable to the facts which plaintiff's evidence tended to establish is clearly and succinctly stated in the following quotations from the opinion written by the present Chief Justice. He said: "[W]e have come to the conclusion that where common carriers of freight are operating tractor-trailer units, on public highways, and such equipment bears the insignia or name of such carrier, and the motor vehicle is involved in a collision or inflicts injury upon another, evidence that the name of the defendant was painted or inscribed on the motor vehicle which inflicted the injury constitutes *prima facie* evidence that the defendant whose name or identifying insignia appears thereon was the owner of such vehicle and that the driver thereof was operating it for and on behalf of the defendant."

At the first trial defendant offered no evidence. At the second trial defendant offered evidence tending to show that it was not operating a vehicle at the time when and place where plaintiff was injured. The evidence did not change the legal principle declared on the first appeal. The court correctly declined to allow the motion to nonsuit.

Defendant challenged the court's charge in the first trial because the court told the jury that the burden rested on the defendant to repel the inferences which the law drew from plaintiff's testimony. In concluding the opinion *Justice Denny* said: "However, since the court below used the Virginia presumptive rule in charging the jury, and we are now adopting the *prima facie* rather than the presumptive rule, we think the defendant is entitled to a new trial, and it is so ordered."

Defendant now assigns as error these portions of the charge: "Therefore, if you believe the testimony that was — and if the plaintiff has satisfied you from testimony by its greater weight, bearing in mind that our Courts have held that the having of the insignia on the truck is — makes out a *prima facie* case, and if the plaintiff has satisfied you, bearing that in mind, by the greater weight of the evidence on the first two issues, it would be your duty to answer those two issues YES."

"In other words, the *prima facie* evidence of insignia carries with it the — or is evidence of the fact that the truck was owned by Associated Transport and that it was operated by one of its agents in the course of his employment, still the burden is upon the plaintiff and does not shift on it to satisfy you, but bear in mind that our Courts have held that the insignia upon the truck, if it — *if you believe the testimony of the witnesses and the plaintiff has satisfied you by the greater weight as to the testimony, it will be your duty to answer those two issues YES.*" (Emphasis supplied.)

The first two issues read:

"1. Was the defendant, Associated Transport, Inc., the owner of a tractor-trailer unit on May 19, 1959, while it was being operated on Highway 360 in the State of Virginia, as alleged in the Complaint?"

"2. If so, was said tractor-trailer unit being operated at said time and place by an agent, servant and employee of Associated Transport, Inc., in the course and scope of his employment and about his master's business, as alleged in the Complaint?"

Plaintiff must prove by the greater weight of the evidence or beyond a reasonable doubt, depending on whether the case be civil or criminal facts which call for an application of the *prima facie* rule. When these facts have been so established, the jury may but is not compelled to find the ultimate fact in issue in accordance with plaintiff's contention. Defendant is under no burden to offer evidence. If he does not, he merely risks an adverse verdict. *Mitchell v. White,* 256 N.C. 437, 124 S.E. 2d 137; *Woodruff v. Holbrook,* 255 N.C. 740, 122 S.E. 2d 709; *Taylor v. Parks,* 254 N.C. 266, 118 S.E. 2d 779; *Howard v. Sasso,* 253 N.C. 185, 116 S.E. 2d 341; *S. v. Bryant,* 245 N.C. 645, 97 S.E. 2d 264; *Ferrell v. R.R.,* 190 N.C. 126. 129 S.E. 155; *McDowell v. R.R.,* 186 N.C. 571, 120 S.E. 205.

The exceptions are well taken. They are in effect peremptory instructions to answer the issues in favor of plaintiff if the jury should find from the greater weight of the evidence that the vehicle which collided with the vehicle in which plaintiff was riding bore the insignia of defendant.

The charge does not conform to the opinion on the prior appeal. It places a heavier burden on defendant than the charge which was held erroneous on the prior appeal.

We deem discussion of other asserted errors unnecessary.

New trial.