### ROBERT H. FREEMAN v. BIGGERS BROTHERS, INC.

(Filed 9 October 1963.)

**Automobiles § 54f—**

Evidence of the color and size of the truck which struck plaintiff and that it had on its doors signs reading "Biggers Brothers Wholesale Fruit & Produce", without evidence tending to identify the signs on the truck with defendant or with other trucks owned by defendant, or any evidence of the nature of defendant's business, *is held* insufficient to show that defendant, "Biggers Brothers, Inc.," was the owner of the truck.

APPEAL by plaintiff from *Latham, Special Judge*, June 3, 1963, Special "B" Session of MECKLENBURG.

Plaintiff alleged he was injured July 2, 1962, about 1:30 p.m., in Charlotte, N. C., as the result of the negligent operation of a truck owned by defendant and operated by defendant's driver within the scope of his employment. Answering, defendant denied all essential allegations of the complaint and conditionally pleaded plaintiff's contributory negligence in bar of his right to recover. The only evidence, except medical testimony as to plaintiff's injuries, was the testimony of plaintiff. At the conclusion of plaintiff's evidence, the court, allowing defendant's motion therefor, entered judgment of nonsuit. Plaintiff excepted and appealed.

*Lacy W. Blue and Stewart & Cohan for plaintiff appellant.*
*Pierce, Wardlow, Knox & Caudle for defendant appellee.*

BOBBITT, J.  It was alleged and admitted that "the parking lot of Stamey's Drive-In Restaurant is located at the corner of North

Tryon Street and West 12th Street, and that there are entrances to said lot on West 12th Street, and on North Tryon Street." According to his allegations and testimony, plaintiff was on this lot walking toward a parked car when struck by a truck that entered the parking lot from 12th Street and, shortly after striking plaintiff, left the parking lot by way of the Tryon Street entrance.

Assuming plaintiff's evidence was sufficient for submission to the jury as to the alleged actionable negligence of *the driver* of the truck, the judgment of nonsuit must be affirmed on the ground plaintiff's evidence was insufficient for submission to the jury as to the alleged ownership of the truck or as to the alleged agency of the driver.

It was alleged and admitted that defendant is a North Carolina corporation with principal office in Charlotte, N. C. Included in paragraph 3 of the complaint is an allegation that "the said truck was registered with the Department of Motor Vehicles for the State of North Carolina, and that the registered owner of said truck was the defendant, BIGGERS BROTHERS, INCORPORATED." The allegations of paragraph 3 of the complaint are denied by defendant. The allegations of paragraph 8 of the complaint (also denied by defendant) refer to the driver of the truck as "defendant's agent, servant and employee" but do not otherwise purport to identify the driver.

There was no evidence defendant, Biggers Brothers, Incorporated, was "the registered owner of said truck." The only evidence as to the identity of the driver was plaintiff's testimony that the truck "was being driven by a colored man." Plaintiff's testimony descriptive of the truck, relied on by plaintiff as proof that defendant was the owner, was as follows: The truck "was painted a dark green color, had a canvas top, and was approximately a one-ton or a one and one-half ton capacity size." On the left door of the truck, "there was a 'kinda rectangle' sign which read 'Biggers Brothers Wholesale Fruit & Produce'" and on the right door of the truck there was a sign "reading 'Biggers Brothers Wholesale Fruit & Produce.'"

In *Knight v. Associated Transport*, 255 N.C. 462, 122 S.E. 2d 64, *Denny, J.* (now C.J.), said: ". . . we have come to the conclusion that where common carriers of freight are operating tractor-trailer units, on public highways, and such equipment bears the insignia or name of such carrier, and the motor vehicle is involved in a collision or inflicts injury upon another, evidence that the name of the defendant was painted or inscribed on the motor vehicle which inflicted the injury constitutes *prima facie* evidence that the defendant whose name or identifying insignia appears thereon was the owner of such vehicle and that the driver thereof was operating it for and on behalf of the

defendant." See also *Knight v. Associated Transport*, 257 N.C. 758, 127 S.E. 2d 536.

Whether the quoted rule applies only to "common carriers of freight . . . operating tractor-trailer units, on public highways," is not presented. Here, the name "Biggers Brothers Wholesale Fruit & Produce" is not the name of defendant. Nor is there evidence tending to identify the signs on the particular truck with defendant or with other trucks owned by defendant or operated by defendant in the course of its business. Indeed, there is no evidence as to the nature of defendant's business.

Absent evidence that defendant was the owner of the truck, plaintiff was not entitled to the benefit of G.S. 20-71.1.

If plaintiff should obtain evidence sufficient to show defendant was the owner of the truck that struck plaintiff on July 2, 1962, present decision will not bar a new action.

Affirmed.