FRANK O. GUNTER v. NOLL CONSTRUCTION COMPANY
No. 6914DC3

(Filed 1 April 1970)

**Highways and Cartways § 7— action against road contractor — repair work — damage to plaintiff's truck — sufficiency of evidence**

In plaintiff's action to recover damages caused when its truck struck a hole in the road on which the defendant construction company was allegedly doing repair work, plaintiff's evidence *is held* insufficient to support a finding that defendant was connected with the excavation that resulted in plaintiff's damages, where there was only (1) testimony by a resident on the road that "according to the names on the equipment" defendant was doing the work and (2) an admission by defendant that the road in question was one of the roads on which it "was working," and where plaintiff's own evidence disclosed that persons other than the defendant had performed work on the road.

APPEAL by defendant from *Moore, District Judge,* September 1968 Civil Session, District Court, DURHAM Division of the General Court of Justice.

This is a civil action in which plaintiff seeks to recover for damages caused when his truck, while being driven by his employee on Riddle Road in the City of Durham, hit a hole in the road and turned over. Plaintiff alleged that defendant had done some excavation work on the road and had negligently failed to repair it or to post warnings of the dangerous condition of the road. Defendant answered and admitted that on the date of the accident and for several months preceding that date the defendant was doing "certain construction work on roads and streets in and about the City of Durham," and that one of the streets upon which defendant was working was Riddle Road within the City. Defendant denied all other material allegations of the complaint, and as a further defense pleaded contributory negligence on the part of plaintiff's driver in speeding and failing to keep a proper lookout for the condition of the road ahead of him.

The parties waived a jury. After hearing evidence, the court made findings of fact and conclusions of law, finding defendant negligent in failing to take reasonable steps to correct or to warn others of a dangerous condition created by it, and finding plaintiff's driver not contributorily negligent. From judgment for plaintiff entered on these findings and conclusions, defendant appealed, assigning errors.

*Hofler, Mount & White, for plaintiff appellee.*

*Spears, Spears, Barnes & Baker, for defendant appellant.*

PARKER, J.

Defendant challenges the sufficiency of plaintiff's evidence to support certain of the court's findings of fact. Among these were the findings that several weeks prior to the accident defendant had laid a sewer line across Riddle Road; that in order to do so it had removed a large section of pavement; that upon completion of the line defendant had partially filled the ditch, which it had cut across the road, with sand and gravel, but had not completely brought the ditch up to the normal level of the road and had not resurfaced the road; and that on the date of the accident and for many weeks prior thereto there existed a sizeable declivity in the road which was created by defendant in its undertaking to lay the pipe across the road. We think the challenge is well taken.

The only evidence which in any way connects defendant with the hole which plaintiff contends caused his truck to overturn was contained in the testimony of plaintiff's witness, W. H. Watkins.

This witness testified that he resided on Riddle Road and that his front porch was right in front of the hole. He was then asked:

Question: "Do you know whether or not Noll Construction Company was doing work there in front of your house?"

Answer: "Well, according to the names on the equipment they was doing it."

There was no evidence to indicate what equipment was referred to or what names were on it. Nothing indicates whether the equipment referred to was used for digging the ditch, laying the sewer pipe, refilling the ditch, or for some other purpose. Other than defendant's corporate name and its admission that it was doing "certain construction work on roads and streets in and about the City of Durham," there is no evidence to indicate the nature of defendant's business. There was no evidence of any contract or agreement between defendant and the City of Durham or anyone else to dig a ditch, lay a sewer pipe, restore the broken pavement, or do anything else. Defendant's admission that Riddle Road was one of the streets upon which it "was working," was not sufficient to connect defendant with the hole which caused plaintiff's damages, particularly in view of defendant's denial of plaintiff's allegation that it had done "some excavation work on the said Riddle Road and had failed to completely repair said road." Plaintiff's own evidence disclosed that persons other than the defendant company had performed work on Riddle Road. Plaintiff's witness J. E. Marks, after describing the hole in question, in response to a question from plaintiff's counsel, testified as follows:

Question: "All right, sir, now, do you know approximately how long the road has been in this condition?"

Answer: "No, I'll be afraid to say, for they kept the road tore up practically all the time. *If it won't the state, it was one outfit, and then somebody else. Just like all the rest of the City."* (Emphasis added.)

The rule announced in *Knight v. Associated Transport,* 255 N.C. 462, 122 S.E. 2d 64, is not applicable to the present case. In that case the Court said: ". . . we have come to the conclusion that where common carriers of freight are operating tractor-trailer units, on public highways, and such equipment bears the insignia or name of such carrier, and the motor vehicle is involved in a collision or inflicts injury upon another, evidence that the name of the defendant was painted or inscribed on the motor vehicle which inflicted the injury constitutes *prima facie* evidence that the defendant whose

name or identifying insignia appears thereon was the owner of such vehicle and that the driver thereof was operating it for and on behalf of the defendant." Even if it should be held that the quoted rule applies to others than "common carriers of freight . . . operating tractor-trailer units, on public highways," which the Court in *Freeman v. Biggers Brothers, Inc.*, 260 N.C. 300, 132 S.E. 2d 626, found it unnecessary to decide, the rule is at least limited to cases in which the name of the defendant was inscribed on the very motor vehicle which inflicted the injury. The opinion in *Knight v. Associated Transport, supra*, made reference to the large number of the defendant's tractors and trailers in operation on the public highways, and the rule was adopted as "a just one, and well-nigh necessary if those who happened to be injured by the negligent operation of such equipment are to have the protection to which they are justly entitled." No such necessity appears in the present case, and we see no legitimate reason to stretch the rule to the extent which we would be required to do in order to make good the deficiencies in plaintiff's proof in the present case.

For failure of the evidence to support crucial findings of fact, there must be a

New trial.

MALLARD, C.J., and BRITT, J., concur.