JAMES LESTER WOODRUFF v. SONNY TABOR HOLBROOK, THOMAS JEFFERSON BILLINGS, CARL DEAN COTHREN AND WINFORD STANLEY SPICER.

(Filed 29 November. 1961.)

**Automobiles § 54f—**

Evidence that the injury was caused by the negligent operation of a vehicle, carrying a specified North Carolina license plate, but further that such license plate was issued for a car of a different color and different motor number, is insufficient to raise the presumption of agency as against the person to whom such license plate was issued and those alleged to have been engaged in a joint enterprise with him.

APPEAL by plaintiff from *Crissman, J.,* February 20, 1961, Civil Term, FORSYTH Superior Court.

Civil action to recover damages for the plaintiff's injuries resulting from an automobile collision at the intersection of 25th and North Liberty Streets in Winston-Salem. According to plaintiff's allegations, he entered the intersection in obedience to a green traffic light, operating a 1951 Oldsmobile carefully and at a lawful rate of speed, when

the defendant, Sonny Tabor Holbrook, negligently, carelessly, and at an excessive and dangerous rate of speed, and in violation of the traffic light, drove a 1950 Oldsmobile "owned by the defendant or under the control of the defendant," into the intersection, colliding with the plaintiff's vehicle, lawfully in the intersection, causing damage and injury, etc. Plaintiff alleged that at the time of the accident, July 10, 1959, the 1950 Oldsmobile driven by the defendant Holbrook was registered in the name of the codefendant Carl Dean Cothren; that "a short time prior to the collision the codefendant Winford Stanley Spicer made a purported transfer of title to the 1950 Oldsmobile to one of his codefendants; that each of the codefendants was full owner— or owned said vehicle jointly with one or more of his codefendants."

The plaintiff further alleged that at the time of the accident, ". . . defendant Holbrook was agent and employee of each of his codefendants, . . . in the furtherance of the business of each of his codefendants in the illegal transportation of nontaxpaid whiskey." In effect, the plaintiff alleged the defendants acted in concert before and after the wreck, juggling the title to the vehicle involved therein in order to prevent the identity of the vehicle they were using in the illegal liquor business.

The defendant Holbrook did not answer. Judgment by default and inquiry was entered against him and later the inquiry was executed in favor of the plaintiff. The codefendants filed separate answers denying all material allegations of the complaint. Billings and Spicer alleged that prior to April 22, 1959, Billings transferred a 1950 two-door grey Oldsmobile, motor No. 8A331861H to Spicer in exchange for a 1953 Chevrolet. They denied that the Oldsmobile was involved in the wreck or that either of the codefendants ever had any interest in the vehicle driven by Holbrook.

The plaintiff's evidence disclosed the 1950 grey Oldsmobile involved in the wreck bore motor No. V-722034 and North Carolina license No. NX 713. The plaintiff offered and the court excluded records of the Department of Motor Vehicles that a 1950 green Oldsmobile, motor No. 8A331861H was registered in the name of the codefendant Billings and that license plate No. NX 713 was issued to the defendant Billings for that vehicle.

At the close of all the evidence the court entered Judgments of nonsuit against the defendants Billings, Cothren and Spicer. The plaintiff appealed.

*Elledge & Mast, By: Archie Elledge, Clyde C. Randolph, Jr., for plaintiff, appellant.*

*Womble, Carlyle, Sandridge & Rice, By: I. E. Carlyle and H. G. Barnhill, Jr., for Thomas Jefferson Billings, defendant, appellee.*

*Deal, Hutchins and Minor, By: Fred S. Hutchins, for Winford Stanley Spicer, defendant, appellee.*

*W. G. Mitchell, Kurt R. Conner, for Carl Dean Cothren, defendant, appellee.*

Higgins, J. The plaintiff sought to make out a case against the appellees by showing the *grey* 1950 Oldsmobile, motor No. V722034, involved in the accident was the property, as he alleges, "of one or all the defendants who were jointly engaged in the illicit liquor traffic." To establish ownership the plaintiff sought to introduce in evidence the Department of Motor Vehicles records showing license plate No. NX 713 for 1959 was issued to Billings and the vehicle was subsequently transferred to Spicer, then to Cothren. The plaintiff argues that under G.S. 8-37 the license plate on a motor vehicle tends to show the ownership of the vehicle. In this case, however, the document which identifies license plate NX 713 as having been issued to Billings also shows it was issued for a *green* Oldsmobile, motor No. 8A33816H, a vehicle different from the *grey* Oldsmobile operated by Holbrook at the time of the wreck.

The evidence tends to show that Holbrook was operating his vehicle upon the highway with a license plate issued "for a motor vehicle other than the one on which used." G.S. 20-63(f). If his operation was "wilful" he would be guilty of a misdemeanor. Guilt would also attach to anyone who knowingly aided and abetted the unlawful use of the plate. The tendered records identify Billings, Spicer and Cothren in succession with the ownership of the green automobile, motor No. 8A33816H. Although the license plate at all times remains the property of the State, it should have been transferred to each new owner. G.S. 20-63. The physical attachment of the license plate to Holbrook's grey Oldsmobile is not, of itself, sufficient to charge either Billings, Spicer or Cothren when the record shows that plate should have been on a different vehicle.

The plaintiff, aside from the records tendered and excluded, did not make out a case. The records, if admitted, would have shown the plate had been attached to the wrong vehicle, by whom we may only guess. The nonsuit as to each appellee is

Affirmed.