**Pearl TODD**

v.

**Paul W. THOMAS and Henry Lopes.**

**Civ. No. 529.**

United States District Court E. D. North Carolina, New Bern Division.

Feb. 14, 1962.

---

Charles B. Aycock, White & Aycock, Kinston, N. C., for plaintiff, Pearl Todd.

F. T. Dupree, Jr., Dupree, Weaver, Horton & Cockman, Raleigh, N. C., for defendant, Henry P. Lopes.

LARKINS, District Judge.

The plaintiff in this action seeks to recover damages for personal injuries allegedly suffered by her as the result of a collision between two motor vehicles, one in which the plaintiff was a passenger and one which was owned by defendant Lopes and alleged to have been operated by defendant Thomas at the time of the collision.

This matter coming on to be heard before this Court on January 5, 1962;

The Court finds as a fact that plaintiff Todd is a resident of North Carolina, and defendants Thomas and Lopes are non-residents of North Carolina; that plaintiff Todd was a passenger in a motor vehicle involved in a collision with a vehicle owned by defendant Lopes.

The Court further finds as a fact that plaintiff Todd brought an action to recover damages for personal injuries allegedly received as result of the collision;

that the action was brought in Lenoir County Superior Court and service on defendant Lopes was made through the United States Mails by the North Carolina Commissioner of Motor Vehicles under North Carolina General Statutes 1–105; that defendant Thomas was never served.

The Court further finds as a fact that defendant Lopes removed the action from the Lenoir County Superior Court to this United States District Court with jurisdiction of this Court based upon diversity of citizenship of the parties under 28 U.S.C. § 1332.

Three motions have been filed in this matter by the parties:

> June 26, 1961—Defendant Lopes moved to dismiss on the ground that the Court was without jurisdiction of the movant.
>
> July 17, 1961—Plaintiff moved for voluntary dismissal without prejudice under Rule 41, Federal Rules of Civil Procedure.
>
> July 24, 1961—Defendant Lopes moved for summary judgment.

No ruling having been made on any of these motions, the Court now rules on them in the order in which they were filed:

1. Defendant's motion to dismiss for lack of jurisdiction is denied. This motion was supported by affidavit of defendant Lopes to the effect that he was a resident of Massachusetts; that he had never operated a motor vehicle in North Carolina; that defendant Thomas was a total stranger to him; and, that Thomas never operated Lopes' vehicle on North Carolina roads with Lopes' knowledge or consent. Nevertheless, in his answer Lopes admitted ownership of the vehicle involved in accident set forth in complaint. Under North Carolina General Statutes 20–71.1 such ownership is sufficient proof of agency to support service of process on non-resident owner of mo-

tor vehicle whose agent is alleged to have negligently injured plaintiff by operation of the vehicle on North Carolina highways. In addition, defendant Lopes' counsel, in oral argument before the Court on this motion, stated that Lopes had furnished the vehicle registered in his name to his son, who was stationed at Camp LeJeune, North Carolina, for use by the son in North Carolina.

■ There is no question of the validity of service of process via the North Carolina Commissioner of Motor Vehicles upon a non-resident motorist when such service is made in accord with the relevant North Carolina General Statute. In the instant case, defendant Lopes' vehicle was being used on North Carolina public highways when the accident on which the complaint is based occurred. Therefore, under North Carolina General Statutes 1–105 and 20–71.1 the defendant Lopes is properly within the jurisdiction of this Court.

■ 2. Plaintiff's motion for voluntary dismissal without prejudice under Rule 41, Federal Rules of Civil Procedure, 28 U.S.C.A., is allowed upon the special condition that plaintiff pay all costs in the United States District Court.

It is within the discretion of the Court to allow or deny a motion by the plaintiff to take a voluntary dismissal without prejudice. And in allowing such a motion, the Court may set whatever conditions it deems just. In this case there is no prejudice to the legal rights of the defendant by allowing plaintiff's motion. Defendant is no worse off now, in a legal sense, than he was before the motion was allowed. Allowance of this motion does not cause defendant to bear any unreasonable expense. The plaintiff has been assessed court costs in the Federal Court and to date the defendant has not been required to leave Massachusetts and appear in person or to produce witnesses in North Carolina.

3. In view of the above rulings it will not be necessary to rule on the motion for summary judgment.

It is therefore ORDERED that the plaintiff in this action be, and hereby is, allowed to take a voluntary dismissal without prejudice upon the special condition that the plaintiff pay all costs in the United States District Court.