BETTY ALLISON JAMES, PLAINTIFF-RESPONDENT, v.
PHILIP J. FRANCESCO, DEFENDANT-APPELLANT.

Argued September 12, 1972—Decided October 16, 1972.

*Mr. Bennett I. Bardfeld* argued the cause for appellant.

*Mr. John L. White* argued the cause for respondent (*Messrs. White, Simpson & Strout,* attorneys).

The opinion of the Court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. In 1965 plaintiff was injured in a motor vehicle accident in North Carolina, and two years later she obtained a default judgment in that state against defendant, a New Jersey resident, and two others, in the sum of $9,417.36 for personal injuries and property damage. Defendant, who was not the driver of any car involved, was served by mail in New Jersey by the North Carolina Commissioner of Motor Vehicles under the purported authority of the North Carolina non-resident motorists statute. *N.C.G.S.* §§ 1–105 to 1–106. Plaintiff then instituted the present action in the Superior Court, Law Division, on the North Carolina judgment.

The trial court refused to allow defendant to attack the North Carolina judgment for lack of personal jurisdiction over him, holding that such an attack could only be made before the North Carolina Court and that New Jersey would entertain an assault on the foreign judgment only in the case of fraud. The court consequently rendered judgment for plaintiff in May 1970 and defendant timely appealed.

Four months later the Appellate Division, on its own motion, dismissed the appeal for failure to prosecute. Defendant then retained a different attorney, who, after ascertainment of the facts and obtaining the papers from the first attorney, moved to reinstate the appeal. The Appellate Division denied this motion and defendant petitioned this Court for certification.

Oral argument on the petition for certification was held on October 26, 1971, and at that time the parties were instructed to submit supplemental briefs as to whether registration of the vehicle in defendant at the time of the accident[1] was sufficient to vest jurisdiction over him in the North Carolina courts and as to when title to the motor vehicle passed under New Jersey law. The court thereafter granted

---

[1] As will be seen, *infra*, there was no registration of the vehicle in defendant at the time of the accident, under New Jersey law.

certification, 59 *N. J.* 526 (1971), and directed the parties to file further briefs on the issues as to whether full faith and credit had to be accorded to the North Carolina judgment and whether defendant was required to seek any relief to which he might be entitled on jurisdictional grounds in the North Carolina courts.

Although, when the petition for certification was first brought before the court, the narrow issue presented was the justification for the Appellate Division's failure to grant the motion to restore the appeal to the calendar, it is apparent from the foregoing recital that the court deemed that issue affected by the probable merits of the appeal. By thus expanding the area of inquiry we have gained an insight into the legal and factual issues involved on the merits, and the parties have had full opportunity to be heard thereon. For reasons to be stated hereinafter we conclude that the appeal does have substantial merit. Moreover, without need here to state all the pertinent details, it is clear to us that defendant was egregiously misrepresented by his first attorney on the appeal. Suffice it to say that whereas there was a good case to be made on the appeal the attorney, although paid an appeal retainer, defaulted on his obligation to file a brief, and, after being notified that the appeal had been dismissed for lack of prosecution, concealed that fact from defendant and merely informed him that it would be advisable for him to obtain more experienced counsel. Substituted counsel for defendant filed an application to reopen together with a proposed appeal brief with the Appellate Division as soon as he reasonably could after some delay in obtaining the suit papers from the first attorney.

In such circumstances of probable merit and serious default of representation by the first attorney a proper case for relaxation of the rules is presented in order to subserve the first objective of the rules of practice — the accomplishment of substantial justice on the merits. See *Gnapinsky v. Goldyn,* 23 *N. J.* 243 (1957); *Paxton v. Misiuk,* 34 *N. J.* 453 (1961). The order of the Appellate Division denying

the motion to reinstate the appeal is reversed and the appeal is reinstated.

Since the merits of the appeal have been fully briefed and argued in this court we proceed to a consideration thereof rather than remand the appeal for disposition by the Appellate Division.

We hold, first, that the trial court erred in ruling that defendant was precluded from attacking in New Jersey the validity of the North Carolina judgment for lack of *in personam* jurisdiction over him. Plaintiff supports that ruling by invoking the Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1. But the law is clearly to the contrary. That provision applies only where the judgment of the foreign state is "founded upon adequate jurisdiction of the parties and subject matter." *Klaiber v. Frank,* 9 *N. J.* 1, 10 (1952); *Restatement* 2d, *Conflict of Laws,* §§ 104, 105, pp. 315–316 (1969). A judgment is void if there has been a failure to comply with a requirement which is a condition precedent to the exercise of jurisdiction by the court. *Restatement, Judgments,* § 8, comment b, pp. 46–47 (1942). A judgment which is void is subject to collateral attack both in the state in which it is rendered and in other states. *Id.,* § 11, p. 65. Finally, extrinsic evidence is admissible in a collateral attack upon a foreign judgment to show that it is void. *Id.,* § 12, p. 69.

We thus turn to an examination of the basis for defendant's contention that the North Carolina judgment was obtained without personal jurisdiction over him. Briefly, defendant asserts that he was not the owner of the vehicle in question at the time of the accident, that he had sold it several months earlier, and that it was not being operated by him or his agent or on his behalf, but rather by an agent of his purchaser. In such circumstances, it is contended, the North Carolina statute permitting service out of state upon non-resident motorists was not applicable, and since defendant was served by mail in New Jersey pursuant to

that statute and not personally within the borders of North Carolina he asserts the judgment against him was void for lack of personal jurisdiction.

. So far as here material, and as construed by the North Carolina courts, the North Carolina statute permitting service by mail out of state on non-resident motorists, *N. C. G. S.* § 1–105, provides that such service of process may be made through the Commissioner of Motor Vehicles "in any action or proceeding * * * growing out of any accident or collision in which [a] nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on [the] public highways of this State * * *." See *Howard v. Sasso,* 253 *N. C.* 185, 116 *S. E.* 2d 341 (Sup. Ct. 1960). Moreover, in the application of that statute there becomes operative the provisions of *N. C. G. S.* § 20–71.1 to the effect that (a) in any automobile negligence action proof of ownership of the vehicle at the time of the accident "shall be prima facie evidence" that the vehicle "was being operated and used with the authority, consent, and knowledge of the owner" in the transaction out of which the cause of action arose; and (b) that proof of "registration of a motor vehicle in the name of any person * * * shall for the purpose of any such action, be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment." See *Howard v. Sasso, supra,* holding that for jurisdictional purposes the fact of ownership of the vehicle by the nonresident permits but does not compel a finding of agency. Plaintiff cites *Todd v. Thomas,* 202 *F. Supp.* 45 (E. D. N. C. 1962). If that case can be read as holding that the fact of ownership is conclusive of agency against the non-resident owner, jurisdictionally, it is contrary to *Howard v. Sasso, supra,* and obviously incorrect. In short, under authoritative construction of the act, the efficacy of jurisdiction by service

out of state is dependent upon the fact of agency for the non-resident of the driver of the vehicle at the time of the accident. Ownership of the vehicle by the non-resident is *prima facie* proof of such agency, and registration in the non-resident is *prima facie* proof of ownership.

It is noteworthy that, in respect of the substantive effect of *N. C. G. S.* § 20–71.1, the North Carolina rule is that notwithstanding the evidential effect of the statutory presumption arising from ownership it is mandatory for a trial court, where the only positive proof on agency is that the driver was on business totally unconnected with the owner, to charge the jury, in terms directly related to the evidence in the case, that if they find the facts to be as the owner's evidence tends to prove, it is their duty to find in favor of the owner on the agency issue. *Belmany v. Overton,* 270 *N. C.* 400, 154 *S. E.* 2d 538 (Sup. Ct. 1967).

As developed by the testimony before the Law Division and in affidavits in the course of the proceedings before the Appellate Division and before us, the following basically uncontradicted set of facts appears.

On May 20, 1964 defendant Francesco purchased the 1964 International truck tractor here involved from Wood Truck Sales and Service, Inc. of Vineland, New Jersey, and a certificate of ownership, subject to a lien in favor of the Boardwalk National Bank, was issued to him on that date. At about the same time, he executed a "dealer authorization and power of attorney," designating Norman Hecht of the Wood firm as his attorney and agent for transferring title to the vehicle. The truck was registered in Francesco's name, and he was assigned a license plate number therefor.

Sometime in May or June of 1965 defendant decided to sell the truck in question. In order to accomplish this purpose, he went to the Wood company and saw Norman J. Hoskin of that concern. He executed a "general release" to Wood covering all claims concerning the vehicle, and also delivered the power of attorney form mentioned above. Defendant had previously interested one Ray Jones of Phila-

delphia in purchasing the truck, and the terms of sale were negotiated at Wood Truck Sales. Jones apparently agreed to pay $1200 in cash and to assume the payment of the outstanding obligation to the Boardwalk National Bank. Defendant received $600 in cash after payment of a commission to Wood and other expenses. Title did not pass directly from defendant to Jones. Instead, Hecht, utilizing the power of attorney earlier executed by defendant, assigned defendant's certificate of title to Wood Truck Sales and Service, Inc., under date of June 14, 1965, and on the same date a certificate of title for the vehicle was issued by the Division of Motor Vehicles to Wood. This certificate was at once assigned to Jones, and a certificate of ownership was then issued by the Division to Jones, bearing, for some unexplained reason, the date of June 12, 1965. On both the assignment and the new certificate of ownership Jones' address is given as 214 South Dennis Drive, Clayton, New Jersey, which was, in fact, defendant's address.

Francesco asserts that he had no knowledge of the use by Jones of his address and that he had no dealings with Jones other than the sale of the truck. According to Hoskin, Jones indicated that he would destroy the New Jersey license plates and register the vehicle in Pennsylvania. Defendant testified, however, that he understood the plates were to be returned to him, and that he called Jones several times about the matter and was told the plates had been discarded. Since then, defendant has been unable to locate Jones. Wood Truck Sales went out of business in 1966 or 1967.

William G. Bernhardt drove the truck in question for de-. fendant prior to its sale, when his employment was terminated. Within a month of the sale, he was approached by Jones, who offered him a job driving the same truck, but he declined the offer.

The accident occurred on December 18, 1965. Plaintiff's vehicle had pulled up behind a truck stopped for a traffic light. The vehicle here in question, driven by one William F. Baker, struck the rear of plaintiff's car, driving it under

the rear of the preceding truck. Defendant's New Jersey license plates were still on the truck at the time. The North Carolina police accident report listed "Ray E. Jones, 317 N. Front St., Philla, Penn" as the owner of the truck driven by Baker.

■■ On the foregoing showing it is inescapable that title to the truck involved in the accident was in Jones, not defendant, at the time of the accident. The transfers of title recited above are verified by certificate of the New Jersey Division of Motor Vehicles, and the extrinsic testimony in the case meshes with that record entirely consistently. The fact that defendant neglected to remove his license plates from the car at the time of transfer of title, while a violation by him of *N. J. S. A.* 39:3–30, does not have the legal consequence of retention in him of title to the vehicle. Moreover, when ownership of the vehicle passed out of defendant his registration became void, *N. J. S. A.* 39:3–30, and consequently the presumption of ownership from registration under the North Carolina statute does not apply here. The present record is void of evidence as to when, if ever, this truck became registered after the voiding of the registration of defendant.[2]

Plaintiff cites *Eggerding v. Bicknell,* 20 *N. J.* 106 (1955), but that case is not authority for adjudication of ownership in defendant at the time of the accident. In *Eggerding* a motor vehicle dealer sold a car and gave the purchaser possession of the vehicle and temporary use of the dealer's license plates. The purchaser was also given an assignment of the dealer's certificate of title signed in blank by the dealer's manager, contrary to the regulation of the Division of Motor Vehicles that the seller not execute an assignment until the name and address of the buyer and the date of sale are filled in. A certificate of ownership to the purchaser was

---

[2]Inquiry at the Division of Motor Vehicles discloses that registration records are destroyed after 3 years.

not issued by the Division until after the accident which befell the purchaser while driving the car and which occasioned the litigation. The dealer's plates were still on the car at the time of the accident. The issue was whether the dealer continued to be the owner of the car as of the time of the accident for purposes of responsibility of the dealer's insurance carrier to cover the purchaser as an "omnibus insured." We held in the affirmative because of the combined circumstances of the omissions in the assignment, the retention of the plates on the vehicle and the fact that a certificate of title had not yet issued to the purchaser. The case is not authority here. At the time of the instant accident the transfer of title had been fully and properly accomplished and the Division had issued a certificate of title to Jones. *Cf. N. J. Manufacturers Ins. Co. v. Keystone Ins. Co.,* 112 *N. J. Super.* 585 (Ch. Div. 1971). The apparently negligent failure of defendant to remove his license plates cannot, alone, produce the consequence of continued ownership in him of the vehicle, at least for purposes of determination of the jurisdictional issue here presented. *Cf. Burke v. Auto Mart, Inc.,* 37 *N. J. Super.* 451 (App. Div. 1955), certif. den. 20 *N. J.* 304 (1956) ; *Woodruff v. Holbrook,* 255 *N. C.* 740, 122 *S. E.* 2d 709 (Sup. Ct. 1961).

We accordingly find as a matter of fact and law on the record before us neither registration nor ownership of the vehicle in question in defendant as of the date of the accident, and there is therefore no basis for application of the North Carolina statutory presumptions of fact in aid of the requisite jurisdictional finding of agency of Baker, the driver, for defendant, in the operation of the truck.

We need not consider whether North Carolina could constitutionally assert long-arm jurisdiction over defendant even if his factual contention as to non-involvement with Baker's journey were true. This is because the North Carolina statute as construed by its courts does not purport to justify the exercise of such jurisdiction on those facts.

■ The said issue of fact as to agency of Baker for defendant, independent of ownership of the vehicle by defendant, nevertheless survives on the record, though barely. Conceivably defendant could have had some relationship with Jones from which a hypothesis of joint employment of Baker might arise (note the leaving of the plates on the vehicle and that defendant's New Jersey address was given by Jones, a Philadelphian, in obtaining the assignment of title from Wood and the new certificate from the Division). At the present posture of the proofs this hypothesis seems remote and conjectural, but plaintiff has never been on notice of a hearing of the issue of fact in question[3] and should have that opportunity if she does not elect to abandon it. If she opts for such a hearing it should be held forthwith.

Reversed and remanded to the Law Division for a hearing on the issue whether at the time of the accident the truck was being operated by Baker as defendant's agent and for the making of findings of fact and conclusions of law and entry of an accordant judgment or order, as the case may be, consistent with the proofs adduced and with this opinion. No costs.

*For reversal and remandment*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL and MOUNTAIN, and Judges CONFORD and SULLIVAN—7.

*For affirmance*—None.

---

[3] At the hearing in the Law Division the judge announced at the outset that he would not entertain the jurisdictional attack, although he allowed defendant to adduce testimony "for the record."