193 N.J. Super. 701 (1984)
475 A.2d 679
KEITH HUPP, PLAINTIFF-RESPONDENT,
v.
ACCESSORY DISTRIBUTORS, INC., A NEW YORK CORPORATION, DEFENDANT-THIRD PARTY PLAINTIFF-APPELLANT,
v.
ARAI HELMET, LTD., THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 16, 1984.
Decided May 4, 1984.
*703 Before Judges ARD, MORTON I. GREENBERG and TRAUTWEIN.
*704 Arthur N. Chagaris argued the cause for appellant (Chagaris & Safro, attorneys).
Dennis M. Toft argued the cause for respondent Keith Hupp (Wolff & Samson, attorneys; Douglas P. Black, on the brief).
Wayne D. Greenfeder argued the cause for respondent Arai Helmet, Ltd. (Schwartz & Andolino, attorneys).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Defendant Accessory Distributors, Inc. (ADI) appeals from an order for summary judgment in favor of plaintiff Keith Hupp in an action on a Hawaii judgment and an order dismissing its third party complaint against Arai Helmet, Ltd. The issues involved in this matter relate to the validity of the Hawaii judgment and Arai Helmet's liability to ADI for contribution and indemnification.
In 1967 ADI, a New York corporation with its principal place of business in New Jersey, at the request of Arai Hirotake Shoten Company, Ltd. (Arai Hirotake), a Japanese manufacturer of motorcycle helmets, processed documents for Arai Hirotake to ship 508 motorcycle helmets from Japan to a purchaser in Hawaii. ADI obtained payment, from which it retained a commission, for Arai Hirotake for the helmets. ADI has never conducted any other business related to Hawaii. Further ADI has never been authorized to do business, paid taxes, had an office or address, had a salesperson or agent or solicited business in Hawaii.
At some time prior to March 20, 1973 plaintiff purchased from a friend a used motorcycle helmet manufactured by Arai Hirotake. On March 20, 1973 plaintiff while riding his motorcycle and wearing this helmet was struck by a vehicle driven by Charles Hassard. The impact hurled plaintiff through the air at which time the helmet flew off. Plaintiff landed on his head suffering serious injuries.
*705 On May 17, 1973 plaintiff filed a complaint in the Circuit Court of the First Circuit, State of Hawaii, seeking damages for his injuries from Arai Hirotake, ADI and other parties not germane to this appeal. ADI was served by service on the Hawaii Department of Regulatory Agencies and by mail at its New Jersey office. ADI sent the summons and complaint to its attorney in New York City who forwarded them to an insurance carrier ADI perceived to be responsible for its defense. As a consequence of a dispute between ADI and the carrier, no defense was entered and on March 18, 1974 default was entered against ADI. A default had previously been entered against Arai Hirotake which did not appear to defend this action.
On March 22, 1974 ADI filed a motion to set aside the default asserting its failure to answer the complaint was due to inadvertence or excusable neglect caused by the confusion surrounding its insurance coverage. ADI further maintained that the Hawaii court did not have jurisdiction over it and on the merits it was not liable to plaintiff. A certification in support of its motion set forth what ADI conceived to be a complete factual basis for its contention that it was not subject to the jurisdiction of the Hawaii court. By order dated May 29, 1974 the trial court without giving reasons or making findings of fact denied the motion to vacate. ADI appealed this order to the Intermediate Court of Appeals of Hawaii which affirmed the trial court on this point. See Hupp v. Accessory Distributors, Inc., 1 Hawaii App. 174, 616 P.2d 233 (1980). The appellate court predicated its decision on a finding that ADI's neglect to defend was inexcusable and thus the trial judge did not abuse his discretion in failing to set aside the default. It made no finding that the Hawaii courts had jurisdiction over ADI. The Supreme Court of Hawaii denied certiorari. Following the completion of the appeals from ADI's efforts to vacate the default, a proof hearing was held in the Hawaii Circuit Court to ascertain plaintiff's damages. ADI but not Arai Hirotake participated at this hearing. On June 24, 1981 the court issued an order holding ADI and Arai Hirotake jointly *706 and severally liable for $617,410.19 plus costs and post-judgment interest.
On December 16, 1981 plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, against ADI seeking to enforce the default judgment entered in Hawaii. This New Jersey action has led to this appeal. ADI answered asserting that the Hawaii court did not have personal jurisdiction over it and thus the court's judgment was not entitled to full faith and credit. ADI filed a third party complaint for contribution and indemnification against Arai Helmet, Ltd.[1] which it claimed was the successor in interest to Arai Hirotake. In its answer to this complaint Arai Helmet denied it was a successor in interest to Arai Hirotake. Thereafter Arai Helmet moved for summary judgment to dismiss the third party complaint. ADI opposed this motion arguing that Arai Helmet's motion was not ripe for decision since discovery might indicate that Arai Helmet is part of the integrated economic network of Arai Hirotake. The trial court denied Arai Helmet's motion for summary judgment.
ADI subsequently moved to amend its third party complaint to add Arai Hirotake as a third party defendant but in an order not appealed this motion was denied. ADI then filed an independent action for contribution and indemnification against Arai Hirotake. As far as we are aware this case is still pending in the trial court and in any event is not before us.
On November 24, 1982 plaintiff amended its Superior Court complaint by adding Arai Helmet as a direct defendant. Arai Helmet filed an answer to this amended complaint asserting that the Hawaii judgment was unenforceable against it because it was not the successor in interest to Arai Hirotake, the Hawaii court did not have jurisdiction over Arai Helmet or Arai Hirotake, Arai Hirotake had not been properly served in Hawaii and *707 no judgment had ever been entered against Arai Helmet in Hawaii.
Plaintiff and ADI moved for summary judgment. ADI presented evidence tending to prove that the helmet which plaintiff had been wearing at the time of the accident was not in the group processed by ADI in 1967 but rather was shipped later from Japan. ADI also filed a certification indicating that except for the 1967 shipment it had no connections with Hawaii justifying that state's exercise of jurisdiction over it.
On July 25, 1983 the judge decided these motions in a letter opinion. While we find his opinion ambiguous he seems to have reasoned as follows. If plaintiff's action is related to ADI's conduct in Hawaii then even one contact of ADI in Hawaii would be sufficient to uphold jurisdiction and consequently the default judgment. See Helicopteros Nacionales de Colombia, S.A. v. Hall, ___ U.S. ___, ___, 104 S.Ct. 1868, 1871, 80 L.Ed.2d 404 (1984). Since the Hawaii default judgment was predicated on plaintiff's helmet being one of those in the 1967 shipment, the judgment against ADI establishing liability is binding on the parties. Thus the judge stated that the New Jersey court was "... precluded from exploring the allegations made by defendant ADI that the helmet worn by plaintiff was not in the group of over 500 helmets shipped from the manufacturer through ADI and placed in the stream of commerce in Hawaii." Consequently the judgment had to be enforced in New Jersey. On September 30, 1983 the judge signed an order entering a judgment in New Jersey based on the Hawaii judgment.
On August 9, 1983 Arai Helmet moved for summary judgment dismissing plaintiff's complaint as to it and ADI's third party complaint. It urged that plaintiff had not properly served Arai Hirotake and thus even if Arai Helmet were successor in interest to Arai Hirotake the Hawaii default judgment could not be enforced against it.
On October 21, 1983 the judge in an oral opinion granted Arai Helmet's motion for summary judgment. He seems to have *708 found that Arai Helmet and Arai Hirotake are two separate corporations so that a judgment against one is not enforceable against the other. Furthermore, he determined that there was defective service of process on Arai Hirotake in the Hawaii litigation. Thus the Hawaii judgment could not be enforced in New Jersey. On November 4, 1983 the judge signed an order dismissing the action as to Arai Helmet. ADI has appealed from the orders of September 30, 1983 and November 4, 1983.
On this appeal ADI contends that the New Jersey courts are not precluded from determining whether the Hawaii court had jurisdiction, the Hawaii court did not have jurisdiction over it and summary judgment should not have been granted Arai Helmet as it is an integral part of Arai Hirotake. Plaintiff contends the trial court properly held it was precluded from considering whether his helmet was distributed by ADI and that in any event the Hawaii court had jurisdiction. Arai Helmet contends that Arai Hirotake was not properly served in Hawaii and thus the judgment against Arai Hirotake is invalid. It further asserts it is not liable for judgment against Arai Hirotake as the companies are separate.[2]
A judgment properly entered in accordance with local procedure is entitled to full faith and credit in any other state provided that the judgment is not entered in violation of due process of law. Thus a judgment to be valid must be founded upon adequate jurisdiction over the parties and the subject matter. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 497 (1980); James v. Francesco, 61 N.J. 480, 485 (1972). If a defendant does not appear when an action is brought against him and he thereby suffers a default judgment, he may in an action in another state question the validity of the judgment state by asserting that *709 the court in the first case did not have jurisdiction over him.[3]James, supra, 61 N.J. at 485.
When a defendant has appeared in the action in the state in which the judgment was entered, different considerations apply if the plaintiff sues to enforce the judgment in a second state. If defendant appears in the original action and participates in the litigation without objection to the court's jurisdiction over him, the defendant may not collaterally attack the judgment in a second state when an action is brought to enforce it as the defendant has consented to the jurisdiction of the first state. Mrowczynski v. Mrowczynski, 142 N.J. Super. 312, 318 (App.Div. 1976). Likewise if a defendant challenges the jurisdiction of the court over him and the court rejects his challenge and finds it has jurisdiction, the issue may not be raised in a second state in an action to enforce the judgment rendered in the first state. Underwriters Nat'l Assur. Co. v. North Carolina Life, 455 U.S. 691, 706, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558, 571-572 (1982); Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186, 191 (1963). It may therefore be said that a judgment rendered in one state is enforceable in a second state because the first state had jurisdiction or because the defendant is precluded from challenging the first state's jurisdiction in the action to enforce the judgment.
In this matter it cannot be argued that defendant appeared without objection in the Hawaii court. Indeed from the time of its first pleading it asserted that Hawaii did not have jurisdiction over it. ADI set forth this contention in detail to both the trial and appellate courts in Hawaii. But the Hawaii courts did not consider ADI's jurisdiction objections on the merits. Rather they determined that ADI was precluded from raising the jurisdictional defect because its neglect in answering the complaint *710 in Hawaii was inexcusable. Accordingly a default judgment was entered.
In the action to enforce the Hawaii judgment in New Jersey, the judge seems to have enforced the judgment on the basis of ADI being precluded from challenging its validity. Conspicuously absent from the trial court's opinion is a finding predicated on an analysis of ADI's contacts with Hawaii that the Hawaii court had jurisdiction. Indeed the judge points out that ADI denied any contact with Hawaii except for the 1967 transaction, a matter ADI claims is unrelated to plaintiff's injury. Thus we have a situation in which no court has made a determination that Hawaii had jurisdiction over ADI. In the circumstances of this case that determination must now be made in New Jersey.
We recognize that Hawaii relied on its procedure in failing to pass upon ADI's jurisdictional contentions. It found that ADI's failure to defend was inexcusable. While this court is not empowered generally to question Hawaii procedural rulings, the irony of the ruling does not escape us. If ADI is correct that Hawaii had no jurisdiction over it, then it had no duty to defend at all in Hawaii and its failure to do so could not have resulted in a valid judgment. But since ADI tried to defend after inexcusably neglecting to do so, if we affirm the trial court, ADI's belatedly asserted defense, though not rejected on the merits, will never be considered. We reject such an extraordinary result which could lead to the validation of an otherwise invalid judgment.
In reaching this result we are mindful of the holding of the Supreme Court of the United States that "... a judgment is entitled to full faith and credit  even as to questions of jurisdiction  when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." Durfee v. Duke, supra, 375 U.S. at 111, 84 S.Ct. at 245, 11 L.Ed.2d at 191. We think it clear, however, that the Hawaii courts did not *711 fully and fairly decide that they had jurisdiction over ADI. Indeed they never reached the issue.
Plaintiff contends that ADI waived any defense based on a lack of jurisdiction by appearing in Hawaii. There is no doubt that a defendant may waive the requirement that a court have jurisdiction over him. Insurance Corp. v. Compagnie Des Bauxites, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Further we recognize, of course, that ADI did appear in the Hawaii courts. But we find no waiver. As we have already indicated ADI by appearing without objection would have waived the jurisdictional defense. But here it objected from its first pleading. Its defense was not considered on the merits. Inasmuch as ADI could have ignored the Hawaii complaint without waiving its jurisdictional defense, to find a waiver we would be compelled to hold that ADI waived its defense by the very act of asserting it or by participating in the Hawaii proceedings after the Hawaii courts would not consider the defense on the merits. We decline to make such a ruling.
ADI urges on the basis of its limited connection with Hawaii that we determine that the Hawaii judgment should not be enforced. On the other hand plaintiff contends that the record supports a finding that Hawaii had jurisdiction and thus the judgment should be enforced even if we are not precluded from an inquiry into the Hawaii court's jurisdiction. Inasmuch as ADI's argument is predicated on a contention that plaintiff's helmet was not in the 1967 shipment, a contention plaintiff contends is not supported by the record, we conclude the trial court should first pass on whether Hawaii had jurisdiction over ADI. See DeGroot v. Camarota, 169 N.J. Super. 338, 341 (App.Div. 1979). That court should ascertain whether a real factual dispute exists and if so whether a plenary hearing is required on the jurisdictional issue.
We see no merit in ADI's appeal with respect to the judgment rendered in favor of Arai Helmet. In ADI's brief it claims that the two Arais are part of a single economic entity. Thus it *712 asserts "... the entire organization is subject to the jurisdiction of the New Jersey Courts by virtue of the presence in New Jersey of that one component." It argues therefore that this "... Court should exercise jurisdiction over the parent by virtue of the subsidiary's activities in New Jersey, and by virtue of its being the alter ego of the parent in New Jersey. Therefore, the exercise of jurisdiction over the subsidiary, Arai Helmet, Ltd. (USA), is jurisdiction over the parent, Arai Hirotake Shoten Company, Ltd."
ADI's argument misses the point. Its attempt to bring Arai Hirotake into this case was rejected and not appealed. The third party defendant is Arai Helmet not Arai Hirotake. Thus even if the New Jersey courts may by reason of the presence of Arai Helmet in this state exercise jurisdiction over Arai Hirotake, that is not the issue here. Rather we are concerned with whether a judgment against Arai Hirotake is enforceable against Arai Helmet. We can conceive of no way to hold that it is enforceable. The Supreme Court stated in State, Dept. of Environ. Protect. v. Ventron Corp., 94 N.J. 473, 500-501 (1983), that liability will be imposed on a parent corporation for the debts of a subsidiary only when the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice or otherwise to circumvent the law. Thus separate existence of two corporations should not be ignored absent some impropriety. Here even if we regard Arai Helmet as a subsidiary of Arai Hirotake, no basis has been presented to shift a judgment against the latter to the former. We see no suggestion in the record that Arai Helmet was formed for some improper purpose or that Arai Hirotake transferred its assets to Arai Helmet. Further the record shows that while Arai Helmet distributes Arai Hirotake's helmets in the United States, Arai Helmet is not owned by Arai Hirotake. Thus we question whether a parent-subsidiary relationship exists. In the circumstances it is not necessary for us to decide if Arai Hirotake was properly served in Hawaii. *713 Indeed in light of the distinction between the two Arais we do not regard that issue as being properly involved in this action.
The order of September 30, 1983 is reversed and the matter is remanded to the Superior Court, Law Division, Bergen County. That court shall determine whether the Hawaii courts had jurisdiction over ADI in the Hawaii action. If so, the Hawaii judgment is entitled to full faith and credit in New Jersey and shall be enforced. If not the judgment shall not be enforced in New Jersey and the complaint shall be dismissed as to ADI.[4] The order of November 4, 1983 is affirmed. We do not retain jurisdiction.
NOTES
[1] The correct corporate name is Arai Helmet, Ltd. (U.S.A.).
[2] Plaintiff and ADI also dispute whether post-judgment interest on the Hawaii judgment was includable in the New Jersey judgment. However in view of our result we do not pass on the issue. If the judgment is reinstated either party dissatisfied on the point may raise it on further appeal.
[3] Of course there may be other bases for attacking the first judgment.
[4] Plaintiff does not assert liability in this action against ADI except on the judgment.