NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1473-18T1

ROBERT J. TRIFFIN,

      Plaintiff-Appellant,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,

      Defendant-Respondent,

and

RICHARD G. BURNFIELD and
HOWARD S. ELLIS,

      Defendants.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **January 15, 2020** |
| **APPELLATE DIVISION** |

Argued January 7, 2020 – Decided January 15, 2020

Before Judges Fisher, Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-004942-18.

Robert J. Triffin, appellant, argued the cause pro se.

Christopher A. Iacono argued the cause for respondent (Pietragallo Gordon Alfano Bosick & Raspanti, LLP, attorneys; Christopher A. Iacono, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, we consider the fact that a trial judge sua sponte questioned whether personal jurisdiction may be exerted over a defendant after that defense had been waived. Since defendant Southeastern Pennsylvania Transportation Authority (SEPTA) failed to either assert that affirmative defense in its answer or move prior to trial to dismiss for lack of personal jurisdiction, we conclude the judge was barred from raising that waived defense on his own and, for that reason, we both reverse the dismissal of plaintiff's action against SEPTA and remand for a trial on the merits.

Plaintiff Robert J. Triffin brought this action in the special civil part against SEPTA, Howard S. Ellis, and Richard G. Burnfield, seeking damages on a dishonored check.[1] SEPTA appeared by filing an answer without affirmative

---

[1] The monetary limit in the special civil part is $15,000. R. 6:1-2(a)(1). When, however, "the amount in dispute, including any applicable penalties, does not exceed, exclusive of costs, the sum of $3,000," the action may be filed in the small claims section. R. 6:1-2(a)(2). Plaintiff certainly could have commenced this action in the small claims section, but he opted to proceed in the special civil part, thereby subjecting the action to the Part IV rules and the additional procedures available to litigants there. See Triffin v. Quality Urban Housing Partners, 352 N.J. Super. 538, 543 (App. Div. 2002) (recognizing the small claims section's general informality and limitation on discovery, as well as the relaxation of the evidence rules in small claims trials).

defenses; Ellis defaulted, and Burnfield was, as plaintiff acknowledged, mistakenly named as a defendant. Only plaintiff and SEPTA appeared on the trial date. At that time, the parties initially provided the judge with their arguments about the suit's merits. SEPTA asserted that the instrument in question was a payroll check issued to its employee, Ellis, who told SEPTA the check had been lost. SEPTA issued a replacement, and apparently both checks were somehow negotiated. Plaintiff presented his legal theory for recovery, asserting that SEPTA's negligence caused a loss for his assignor, which apparently cashed one of the two payroll checks.

After hearing these arguments but before hearing testimony, the judge questioned on his own whether the court could exert personal jurisdiction over SEPTA. Following brief argument about SEPTA's contacts with New Jersey, the judge concluded without any sworn statements – other than plaintiff's affidavit of diligent inquiry[2] – that SEPTA had no presence in or continuous and systematic contacts with New Jersey. With the judge's verbal dismissal of the claim against SEPTA, the proceedings that day ended. Plaintiff later obtained a

---

[2] Plaintiff asserted in this affidavit that, to his knowledge, SEPTA did "not have a place of business in New Jersey."

default judgment against Ellis and, soon after, voluntarily dismissed his claim against Burnfield.

Plaintiff appeals the dismissal of his claim against SEPTA, arguing the personal jurisdiction defense had been waived and that the judge erred when, in dismissing the action, "he assumed material facts not in evidence." In response, SEPTA argues that plaintiff's appeal is untimely and that the judge was entitled to raise sua sponte whether the court could exert personal jurisdiction.

We turn, first, to the appeal's timeliness. The parties appeared for trial on September 17, 2018, and the claim against SEPTA was dismissed in the manner just mentioned that same day. At that time, plaintiff acknowledged Burnfield was mistakenly included as a defendant and Ellis was in default. On October 2, 2018, default judgment was entered against Ellis, and on October 19, 2018, plaintiff filed a notice of his voluntary dismissal of the action against Burnfield. Plaintiff filed his notice of appeal on December 3, 2018: seventy-seven days after the judge's oral ruling in favor of SEPTA on the trial date, sixty-one days after a default judgment was entered against Ellis, and forty-five days after the formal dismissal of the claim against Burnfield.

SEPTA's argument about the appeal's timeliness is without merit. Finality is not achieved in the trial court until all issues as to all parties are resolved.

4

Silviera-Francisco v. Bd. of Educ., 224 N.J. 126, 136 (2016); Grow Co. v. Chokshi, 403 N.J. Super. 443, 457-58 (App. Div. 2008). When the judge orally granted his own motion to dismiss the action against SEPTA, there remained unresolved claims against Ellis and Burnfield.[3] The claim against Ellis was resolved when default judgment was entered against him on October 2, 2018. The claim against Burnfield, even if he was mistakenly named as a defendant, see n.3, below, remained open and unresolved until formally dismissed on October 19, 2018. The filing of the notice of appeal – exactly forty-five days after the claim against Burnfield was dismissed – was timely. R. 2:4-1(a).[4]

---

[3] We acknowledge that the Burnfield disposition is less than clear. After his oral ruling in SEPTA's favor, the judge inquired about Burnfield. Plaintiff explained that name appeared in the pleadings because Burnfield was SEPTA's registered agent, but that no relief was sought from Burnfield. To that the judge asked, "Burnfield's out of the case?" And plaintiff responded, "[c]orrect." No order, however, was entered, so plaintiff's later filing of the notice of dismissal was understandable, considering his intention to appeal the dismissal of SEPTA and our likely inquiries about finality. See n.4, below.

[4] Rule 2:4-4(a) allows for a thirty-day extension when the appellant can show "good cause and the absence of prejudice" for the delay so, even if it could be said that finality was achieved when default judgment was entered against Ellis, we could still permit the appeal if good cause could be shown. Considering the absence of an order dismissing Burnfield – and the likelihood our clerk's office would have inquired about finality as a result – plaintiff sensibly filed the notice of dismissal in the trial court so the record would be clear that finality had been achieved. Even if finality occurred seventeen days earlier – when default judgment was entered against Ellis – we are satisfied that plaintiff's desire to

A-1473-18T1

Having established the appeal is timely, we turn to the propriety of the judge's sua sponte assertion of a personal jurisdiction defense on SEPTA's behalf and his dismissal of the action on that ground. In considering this issue, we must initially distinguish between claims based on the lack of subject matter jurisdiction and those based on the lack of personal jurisdiction. Rule 4:6-2 identifies both as defenses that must be asserted in an answer or by timely motion to dismiss.[5] The absence of subject matter jurisdiction, however, cannot be waived; it may be asserted at any other time, even on appeal. See Rule 4:6-7 (empowering a court to dismiss "[w]henever it appears by suggestion of the parties or otherwise" that the court lacks subject matter jurisdiction); see also Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 65-66 (1978); McKeeby v. Arthur, 7 N.J. 174, 180-81 (1951); Macysyn v. Hensler, 329 N.J. Super. 476, 481 (App. Div. 2000). A defense based on the court's lack of personal jurisdiction must also be pleaded or asserted by motion to dismiss, see R. 4:6-2(b), but, unlike subject matter jurisdiction, this defense is waivable, YA Global Investments v. Cliff, 419 N.J. Super. 1, 9 (App. Div. 2011); Bascom Corp. v.

---

provide certainty about finality constituted good cause to extend the time to file a notice of appeal pursuant to Rule 2:4-4(a).

[5] This Part IV rule applies in special civil part actions. See R. 6:3-1.

Chase Manhattan Bank, 363 N.J. Super. 334, 341 (App. Div. 2003); Rosa v. Araujo, 260 N.J. Super. 458, 464 (App. Div. 1992); Hupp v. Accessory Distribs., Inc., 193 N.J. Super. 701, 711 (App. Div. 1984). Once the defense of lack of personal jurisdiction is waived, there is no bar – constitutional or otherwise – to a court's adjudication of a claim against a non-resident defendant. Even without sufficient contacts, a non-resident may be subjected to a forum's jurisdiction by consent or by choosing not to dispute the forum's exertion of personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985); YA Global, 419 N.J. Super. at 9.[6]

To avoid a waiver, SEPTA was required to plead the defense of lack of personal jurisdiction in its answer, R. 4:6-2, and timely move before trial for

---

[6] Stated another way, a court may constitutionally subject a non-resident to a judgment when "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)); see also J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 880 (2011). One of the ways in which those traditional notions may be met is when the non-resident has consented to the forum court's authority. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). And consent may be found when the non-resident fails to raise the personal jurisdiction defense by failing to timely assert it in a responsive motion or pleading. Id. at 704-05.

A-1473-18T1

dismissal on that ground, R. 4:6-7.[7] It did neither.[8] Instead, SEPTA appeared for trial without objection. At the outset of the proceeding on the trial date, the judge stated that he "d[id]n't understand how jurisdiction is here" and asked whether either party "want[ed] to address that." Plaintiff seems to have interpreted this as a question about venue, asserting "the only venue in which this collection action can be brought is Camden County." SEPTA's counsel did not take the hint and assert a lack of personal jurisdiction; instead, counsel argued only that SEPTA could not be held liable on the check issued to Ellis. The judge responded that the parties' arguments were "interesting," but then asserted that he did not know "why SEPTA [sh]ould be forced to litigate in New Jersey." Following argument on that question, the judge concluded that the court could not exert jurisdiction over SEPTA. In appealing, plaintiff argues that the judge exceeded his discretion by raising and deciding this question; SEPTA argues that a trial court may raise such a defense on its own.

---

[7] A waiver could not occur this way in the small claims section because answers are not permitted there. See R. 6:3-1(7).

[8] We suppose a non-resident in SEPTA's position might have, prior to the trial's commencement, sought leave to amend its answer to include the affirmative defense. We offer no opinion whether SEPTA would have been entitled to that relief if it had so moved.

Not surprisingly, SEPTA has been unable to support its position by reference to our existing jurisprudence. It cited only two unpublished opinions, which, of course, are of no precedential value. R. 1:36-3. One of those unpublished opinions alludes to a published opinion – Baldwin Enterprises, Inc. v. Town of Warwick, N.Y., 226 N.J. Super. 549 (App. Div. 1988) – which we find inapplicable. There, officials in Warwick, New York – a town a few miles north of the New York/New Jersey border – ordered materials from Baldwin, a New Jersey company doing business a few miles south of the border in Sussex County. These parties engaged in several similar transactions without incident but Warwick failed to pay for the last order, apparently because New York laws prevented the town from entering into such an agreement in the absence of public bidding. Baldwin sued Warwick in Sussex County and later moved for summary judgment; on the motion's return date, "the trial judge, sua sponte, raised an issue of jurisdiction." Id. at 551. Despite that characterization, the Baldwin trial judge did not consider dismissal on personal jurisdiction grounds; he instead considered whether principles of comity warranted the refusal to adjudicate the dispute in a New Jersey court:

> The principal issue in this case is not whether New Jersey can exercise jurisdiction or whether it is a question of personal or subject matter jurisdiction, but whether New Jersey should defer to New York, after

9

> weighing the importance of the issue under policies of each state, and decline jurisdiction on principles of comity.

> [Id. at 552.]

That is not what happened here.

The trial judge did not defer to another court; he instead mistakenly raised on his own whether the court had personal jurisdiction over SEPTA. Once SEPTA waived the defense – and we find the defense was unequivocally waived through SEPTA's silence and inaction – the court should not have invited argument on whether the court could exert personal jurisdiction and should not have dismissed the action on that ground. If the defendant could no longer move to dismiss for lack of personal jurisdiction, the judge could not raise and pursue the same motion on his own. Cf., Carlisle v. United States, 517 U.S. 416, 422 (1996) (finding it "would be most strange" if F.R.Cr.P. 29 allowed a judge's sua sponte motion for acquittal after the defendant's time to so move had expired).

Even were we to conclude the defense was appropriately resuscitated and properly considered, we would still reverse because the judge's finding of lack of personal jurisdiction was not supported by sufficient evidence. True, the judge relied in part on an affidavit of diligent inquiry in which plaintiff asserted he was unaware whether SEPTA had a place of business in New Jersey. But

that alone was inconclusive on whether SEPTA had continuous or systematic contacts in New Jersey.

Once the question was raised, the parties and the judge expressed their own personal beliefs about SEPTA's contact with New Jersey.[9] These unsupported assertions could not provide a basis for the judge's finding that SEPTA has no presence in or continuous or systematic contacts with this State.

Even accounting for the less formal atmosphere of the special civil part, this was no way to decide the issue. Had the defense been properly invoked at that late stage, the demands of due process would have at least insisted on an

---

[9]  Plaintiff responded to the judge's question about personal jurisdiction by asserting that "there's a SEPTA station – a train station across the street [from the court in Camden], or, the next block over – Federal Street, or, Market Street" and "you can take the train from Philadelphia, from 8th, and Market, right here, across the street to the [Camden] courthouse" and that the trains arriving in that station have SEPTA "sign[s] on [them]." In response to the judge's inquiry about that, SEPTA's counsel responded only that he "d[id]n't know that station. I mean, there is a PATCO [Port Authority Transit Corporation] station, but obviously that's not SEPTA. I don't know where the SEPTA station is that the [plaintiff] is referencing." The judge then expressed his own belief that "SEPTA run[s] a train into Hamilton station," presumably meaning Hamilton Township, New Jersey. After that, the judge quoted plaintiff's affidavit of diligent inquiry – that SEPTA "do[es] not have a place of business in New Jersey" – as the basis for dismissing the action. Of course, that SEPTA may not have an office or place of business in this State does not mean that it does not have some other presence or continuous or systematic contact with this State. In any event, this scant evidence – most of which was anecdotal at best – could not form the basis for the judge's decision.

adjournment to allow plaintiff to respond with affidavits or other evidential material to rebut the contentions raised for the first time. See L.C. v. M.A.J., 451 N.J. Super. 408, 412-14 (App. Div. 2017); Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 83 (App. Div. 2001). "Eagerness to move cases must defer to our paramount duty to administer justice in the individual case." Audobon Volunteer Fire Co. v. Church Constr. Co., 206 N.J. Super. 405, 406 (App. Div. 1986). Though we reverse because the waived defense of lack of personal jurisdiction could not be resurrected by the trial judge sua sponte, we reject the sudden ad hoc decision-making that produced the dismissal of the claim against SEPTA.

* * *

Because the judge erred in raising and ruling on his own motion to dismiss on personal jurisdiction grounds, we vacate the dismissal order and remand for a trial on the merits of plaintiff's claim against SEPTA.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1473-18T1